[No. 3,660.]

FAXON D. ATHERTON, A. B. GROGAN, HENRY
    PAGE, AND WILFRED PAGE, EXECUTORS OF THE
    WILL OF THOMAS S. PAGE, DECEASED, *v.* JOHN
    FOWLER, JOHN J. FOWLER, ISAAC HOBBS,
    JAMES ROSS, WILLIAM WOOD, ET AL.

VERDICT IN REPLEVIN.—If the plaintiff in replevin takes possession of the
    property when the suit is commenced, and the jury, on the trial, find for
    the defendant, and assess the value of the property at a time subsequent to
    the taking, they cannot add to this value interest from the time of the
    taking up to the time the value was assessed.

INTEREST.—When there is no contract in writing fixing the rate of interest,
    interest can be recovered only at the rate of seven per cent per annum
    after the passage of the Act of March 30th, 1868, concerning interest.

INTEREST BETWEEN TIME OF VERDICT AND JUDGMENT.—If a judgment
    is not entered upon until some time after the verdict, interest cannot be
    included in the judgment from the time the verdict is rendered up to the
    time the judgment is entered.

JUDGMENT AGAINST EXECUTORS.—If a party dies during the pendancy of
    an action, and his executors are substituted, a personal judgment cannot
    be rendered against them ; but the judgment must be made payable in the
    due course of administration.

VERDICT FOR EXCESSIVE DAMAGES.—If the verdict is excessive the Supreme
    Court will award a new trial, unless, after the remittitur goes down, the
    party in whose favor it was rendered files with the Clerk a written consent
    that the judgment be modified.

APPEAL from the District Court of the Fourth Judicial
District, City and County of San Francisco.

This action was commenced May 25th, 1863, to recover
five hundred tons of hay, of the alleged value of five thou-
sand dollars, grown and lying in bales, swaths, and windrows
on a tract of land known as the "Sulphur Spring Valley
Tract," in Solano County. The plaintiff alleged in the
complaint that he owned the land. The defendants denied
this, and alleged that they were occupying the land, and
claiming it adversely to the plaintiff, in good faith, and
under claim and color of title. The plaintiff took possession

of the hay when the action was commenced, and sold it. The defendants claimed, in the answer, that the hay was worth twenty-five thousand dollars, and asked for a return of the same, or, if a return could not be had, the value thereof. The plaintiff having died, the present plaintiffs, his executors, were substituted April 29th, 1872. The jury rendered the following verdict:

" We, the jury in this cause, find a verdict in favor of the defendants for four hundred and fifty tons of hay, and fix the value thereof at fifteen dollars per ton, net, to wit: six thousand seven hundred and fifty dollars, and interest thereon at ten per cent per annum, from May 26th, 1863, to date, to wit: the sum of five thousand five hundred and nineteen dollars and twenty-nine cents, amounting in all to the sum of twelve thousand and sixty-nine dollars and twenty-nine cents."

The Court rendered a judgment for thirteen thousand eight hundred and ninety-six dollars and forty-three cents, the value of four hundred and fifty tons of hay and interest, with interest thereon at the rate of seven per cent per annum from the date of the judgment. The judgment was, "that said defendants have and recover from said plaintiffs," etc.

The Court instructed the jury on the question of interest as follows:

" If you find for the defendants, in assessing the value of the property, you may find the highest market value within a reasonable time after the property was taken from the possession of the defendant, with interest thereon at the rate of ten per cent per annum, computed from the time at which you fix the value of the hay up to this date. A reasonable time may mean any time before the next hay harvest."

The plaintiffs appealed from the judgment and from an order denying a new trial.

The other facts are stated in the opinion.

*W. H. Patterson,* for Appellants.

Interest, it will be seen, was allowed by the jury from the time of the taking to the rendition of the verdict. They were instructed only to allow interest from the time they should fix the value of the hay, and that they might fix such value between May 26th, 1863, and the next hay harvest. The Court erred in instructing the jury that interest at ten per cent per annum might be added to the value. Interest is unknown to the common law; it could only be created by contract, or by statute. A change was made by the Act of March 30th, 1868, so as to allow no interest on judgments unless rendered for money lent, and reducing the rate to seven per cent per annum. Interest, as interest, is not allowed in tort actions as measure of damages or otherwise. Upon no theory could interest be allowed at ten per cent from March 30th, 1868, to judgment; it could not have exceeded seven per cent during that period. The charge was unqualified to allow ten per cent per annum. Had there been a contract the Legislature could not have changed the rate, but as a measure of damages it could be changed.

*M. A. Wheaton* and *William Hayes,* for Respondents.

By the Court, BELCHER, J.:

This action was commenced May 25th, 1863, and has been once before in this Court. It is reported in 39 Cal. 412.

Upon the last trial, which occurred in April, 1871, the defendants obtained a verdict for six thousand seven hundred and fifty dollars, the value of four hundred and fifty tons of hay at fifteen dollars per ton, and for five thousand

five hundred and nineteen dollars and twenty-nine cents, interest thereon at the rate of ten per cent per annum from May 26th, 1863—making in all twelve thousand and sixty-nine dollars and twenty-nine cents. Judgment was not entered on the verdict until October 17th, 1872, when, interest being added to the amount found in the verdict, it was entered for thirteen thousand eight hundred and ninety-six dollars and forty-three cents, as a personal judgment against the plaintiffs, who are the executors of Thomas S. Page, deceased. It is now objected that the judgment is erroneous, because, while the jury must have found the value of the hay at a time nearly a year subsequent to the taking, they allowed interest from the time of the taking; because interest was allowed after the passage of the Act concerning interest, of March 30th, 1868, at the rate of ten per cent per annum, when it should have been at only seven; because interest was allowed between the times when the verdict was rendered and the judgment was entered up; because the judgment was made a personal one against the executors instead of being made payable in due course of administration; and because the verdict was excessive as to the quantity of hay taken.

Counsel for respondents admitted on the oral argument that the judgment was erroneous, and should be modified in all the respects named except the last. We are of the opinion that it is also erroneous in the respect last named. In the complaint the hay is estimated at five hundred tons, more or less. The witnesses for the defendants estimate the whole quantity at from four hundred and eighty-five to five hundred and fifteen tons. Taking the mean of these estimates, it would give five hundred tons. But of this one of the witnesses for the defendant says there was left on the field, and not taken away by the Sheriff, probably a hundred or a hundred and fifty tons, and another says the quantity left was more than a hundred tons. Taking the mean of these esti-

mates as a hundred and twenty-five tons, and we should make the quantity taken by the Sheriff three hundred and seventy-five tons.

On the part of the plaintiffs, the highest estimate was three hundred and seventy-five tons. The witness Hastings says: "I received it from the Sheriff of Solano County; when I received it, some part was in windrow, some in swath, some in stack, and a little baled; I gathered it, baled and shipped it to San Francisco; I think the quantity was three hundred and seventy-five tons." Other witnesses for the plaintiffs make the quantity received and sold still less. We think, in view of the testimony, it may fairly be assumed that the quantity taken by the Sheriff did not exceed three hundred and seventy-five tons, and that the verdict was excessive in awarding the defendants the value of seventy-five tons not taken from them.

The other points in the case are substantially the same as were made and overruled in *Atherton et al., Executors,* v. *Welcome Fowler et al., ante,* p. 320.

It is ordered that the judgment be reversed and the cause remanded, with directions to the Court below to proceed to try the case anew, unless within twenty days after the filing of the remittitur in the Court below the defendants shall file with the Clerk of that Court a written consent that the judgment be modified by striking out the damages therein awarded, and inserting in lieu thereof the sum of eight thousand nine hundred and eighty-nine dollars; and upon such consent being filed, it is ordered that the judgment be modified accordingly, and also that it be made payable in due course of administration.

Mr. Chief Justice WALLACE did not express an opinion.