[No. 9312.     Department Two. — July 23, 1886.]

ALONZO PHELPS, RESPONDENT, v. HENRY D. COGS-WELL, APPELLANT.

MALICIOUS PROSECUTION — EXCESSIVE DAMAGES. — The action was brought to recover damages for a malicious prosecution in causing the arrest of the plaintiff on a charge of simple assault. The plaintiff, after his arrest, was not confined in jail or subjected to any real hardship or act of oppression, or injured in his business or social standing, and the charge against him was dismissed in the Police Court. A verdict was rendered in favor of the plaintiff for four thousand dollars. *Held*, that the verdict was excessive, and should be reduced to one thousand dollars

APPEAL from an order of the Superior Court of the city and county of San Francisco refusing a new trial.

The facts are stated in the opinion.

*Henry E. Highton*, for Appellant.

*Fox & Kellogg*, for Respondent.

FOOTE, C. — This action was for malicious prosecution. The plaintiff, Phelps, it appears, was arrested by a police officer of the city of San Francisco, under a warrant which was issued under a complaint verified by Cogswell, charging the former with having assaulted him on a street of said city. In making this arrest, the officer went to a dwelling-house, where the plaintiff in the present action was then sojourning with his wife, and informed him that he would have to accompany him (the officer) or procure and give bail for his appearance to answer the charge thus made against him

The plaintiff, with the officer, proposed to proceed to Bancroft & Co.'s place of business, in order to procure money to deposit as bail. The officer, objecting, said that it was too late in the evening to go there, and that he would wait for the deposit of the amount of the bail until the following Monday. Upon that day, so fixed, the plaintiff obtained the money needed, and handed it to the officer. Afterwards the former appeared twice in the Police Court, prepared to meet the accusation against him and to go to trial thereon. Upon neither of these occasions did the defendant appear; and upon the last one the charge was dismissed.

The plaintiff was never put in jail, or subjected to any real hardship or act of oppression.

The charge made, that of assault, was not at all infamous in its nature, nor does it appear seriously to have injured the plaintiff in his business affairs or in the estimation in which, as a gentleman and an honest man,

he had been previously held by his friends and acquaintances.

The jury by their verdict found, as they had a right to do, upon a conflict of testimony, that the defendant had no probable cause to have the plaintiff arrested as he did. They must also have found, under the trial court's instructions, that the defendant was actuated by actual malice, and although upon the evidence we would perhaps have come to a different conclusion as to that matter, yet we do not feel warranted in altogether setting aside their verdict, as being upon that issue entirely unwarranted by the evidence.

Yet we feel constrained to say that this case is by no means on a parallel as to the features which it discloses with that of *Russell* v. *Dennison*, 45 Cal. 338–341. That was an aggravated case of willful, open, malicious oppression, which carried with it wrong, injury, and great bodily and mental suffering to the victim of a man's vile displeasure, and the judgment was afterwards reduced. (50 Cal. 243.)

No such elements appear in this case. The plaintiff was accused of no moral turpitude, he was subjected to no physical suffering, he received no large damage to his business or property, and a reasonable man should not have experienced any very poignant and overwhelming sorrow and laceration of feeling at an arrest on a mere charge of simple assault, where the party making the charge did not appear to press it, and the officer of the law dismissed it in a reasonable time, and plaintiff's friends met him with merely a smile or word of gentle pleasantry.

We are of opinion that there was no error in the charge of the court to the jury, or in any other ruling by that tribunal on the trial.

The court below granted defendant's motion for a new trial unless the plaintiff would consent to release three thousand five hundred dollars of the verdict, which was

for seven thousand five hundred dollars. The plaintiff remitted the sum as required, and the new trial was denied. From this order defendant appealed.

Under the facts of the case as they appear in the record, we think that the verdict, when reduced as above, was excessive, and that it should be reduced to the sum of one thousand dollars.

Unless the plaintiff shall consent, within thirty days after the filing of the *remittitur* herein from this court in the court below, to release all but one thousand dollars of such verdict, the order denying a new trial should stand reversed and a new trial be granted. If such consent of plaintiff is filed as required above, then a new trial should be denied.

BELCHER, C. C., and SEARLS, C., concurred.

The COURT. — The foregoing is approved, and the clerk of this court will enter the order as above indicated; and the court below, after the filing therein of the *remittitur*, will make such orders as shall become necessary to carry out the directions of this court.