[14844.    Department Two.—March 27, 1893.]

WILLIAM DAVIS, RESPONDENT, *v.* SOUTHERN PACIFIC COMPANY, APPELLANT.

| 98 | 13 |
|----|----|
| 104 | 501 |
| 98 | 13 |
| 110 | 176 |
| 98 | 13 |
| 134 | 80 |
| 98 | 13 |
| 139 | 589 |
| 98 | 13 |
| 148 | 282 |

NEW TRIAL—CONDITIONAL ORDER—REMITTER OF DAMAGES—DISCRETION.—The denial of a motion for a new trial in an action for damages for personal injuries, upon condition that the moving party remit part of the amount of the verdict found against him, is within the discretion of the trial court.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*W. H. L. Barnes,* and *Frank Shay,* for Appellant.

The denial of the motion for a new trial upon condition that the plaintiff should remit part of the amount found by the jury was unauthorized by law, it being the duty of the court to have granted a new trial if it thought the verdict excessive. The only power of the court is to grant or deny a new trial, and the order must be made without conditions of any kind. (Code Civ. Proc., sec. 657; *Thomas* v. *Womack,* 13 Tex. 580; *Gulf etc. R'y Co.* v. *Coon,* 69 Tex. 730, 735; *Lambert* v. *Craig,* 12 Pick. 199; *Hughes* v. *Brooks,* 36 Tex. 379–381; *Hardeman* v. *Morgan,* 48 Tex. 103, 104; *Gulf etc. R'y Co.* v. *Redeker,* 75 Tex. 310; 16 Am. St. Rep. 887; *Carlisle* v. *Callahan,* 78 Ga. 320; *Savannah etc. R'y Co.* v. *Harper,* 70 Ga. 119–127; *Cen-*

*tral* etc. *R'y Co.* v. *Crosby,* 74 Ga. 737; *Lang* v. *Hopkins,* 10 Ga. 37, 45; *C. & M. R. R. Co.* v. *Furnace Co.,* 37 Ohio St. 434, 444; *Sheedy* v. *Brick Works,* 25 Mo. App. 527; *Doty* v. *Steinberg,* 25 Mo. App. 328; *Koeltz* v. *Bleckman,* 46 Mo. 320; *Matthews* v. *R'y Co.,* 26 Mo. App. 75, 88; *Atchinson* etc. *R. R. Co.* v. *Dwelle,* 44 Kan. 394; *Atchinson* etc. *R. R. Co.* v. *Cone,* 37 Kan. 567; *Steinbuchel* v. *Wright,* 43 Kan. 307; *Cassin* v. *Delany,* 38 N. Y. 178; *Unfried* v. *R. R. Co.,* 34 W. Va. 260; *Loewenthal* v. *Streng,* 90 Ill. 74; *Chicago* etc. *R. R. Co.* v. *Cummings,* 20 Ill. App. 333; *Moonsocket* etc. *R. R. Co.* v. *Sherman,* 8 R. I. 564–580.) If the jury have reported to the court several items or elements of damage upon which they have founded their verdict, and one or more of such items can be shown by fixed rules and principles of law to have been improperly allowed, when the amount can be ascertained, remission of such amount will remove the objection if the verdict is excessive; or if the court can, by any fixed rules of law, determine the damages in a particular case, it may order the plaintiff to remit any excess. (*Lambert* v. *Craig,* 12 Pick. 199; *King* v. *Howard,* 1 Cush. 137; *Bank* v. *Ashley,* 2 Peters, 327; *Hodges* v. *Hodges,* 5 Met. 205; *Sanborn* v. *Emerson,* 12 N. H. 57; *Pierce* v. *Wood,* 23 N. H. 519; *Odlin* v. *Gove,* 41 N. H. 465; *Cross* v. *Wilkins,* 43 N. H. 332; *Evertsen* v. *Sawyer,* 2 Wend. 507; *Spackman* v. *Byers,* 6 Serg. & R. 385; *Atwood* v. *Gillespie,* 4 Mo. 423; *Toledo* etc. *R'y Co.* v. *Beals,* 50 Ill. 150; *Kavanaugh* v. *Janesville,* 24 Wis. 618; *Young* v. *Englehard,* 1 How. (Miss.) 19; *Illies* v. *Diercks,* 16 Tex. 251; *Guerry* v. *Kerton,* 2 Rich. 507; *Forbes* v. *Howard,* 4 R. I. 364; *Francis* v. *Baker,* 11 R. I. 103; *Bisbee* v. *Taft,* 11 R. I. 307–310.) Where there is not a legal measure of damages, and where the damages are unliquidated, and the amount is referred to the discretion of the jury, the court will not, ordinarily, interfere with the verdict. It is the peculiar province of the jury to decide such cases, under appropriate instructions from the court; and the law does not recognize in the court the power to substitute its own judgment for that of the jury. (*Waters* v. *Bristol,* 26 Conn. 398; *Terre Haute* etc. *R. R. Co.* v. *Vanatta,* 21 Ill. 188; *Chicago* v. *Smith,* 48 Ill. 107.) In some jurisdictions the appellate court may reverse in part and render such judgment as the court below ought to have rendered. Then, if the

damages are excessive, the court may reverse altogether or reduce the amount of the judgment, affirming it for a less sum, *where requisite data are furnished by the record.* (1 Sutherland on Damages, 811, 812; *Fields* v. *Moul,* 15 Abb. Pr. 6; *Cohea* v. *State,* 34 Miss. 179; *Overall* v. *Babson,* 2 Yerg. 71.) A remittitur will cure an excessive verdict arising from an erroneous instruction when the excess can be computed. (*Cross* v. *Wilkins,* 43 N. H. 332; *Odlin* v. *Gove,* 41 N. H. 465; *Forbes* v. *Howard,* 4 R. I. 364; *Sanborn* v. *Emerson,* 12 N. H. 57; *Robson* v. *Watts,* 11 Tex. 764, 768; *Thomas* v. *Womack,* 13 Tex. 580.) Where it is impossible to determine what the jury acted upon, or how they made up their verdict under the charge of the court, so as to correct the error and arrive at the amount they should have given, a remittitur will not cure the verdict. (*Smith* v. *Dukes,* 5 Minn. 373; *Railway Co.* v. *Fulvey,* 17 Gratt. 366; *Lambert* v. *Craig,* 12 Pick. 199; 2 Sutherland on Damages, 812, ed. 1883; *Hodapp* v. *Sharp,* 40 Cal. 69; *Sourwine* v. *Truscott,* 25 Hun, 67; *Nudd* v. *Wells,* 11 Wis. 407; *Moffet* v. *Sackett,* 18 N. Y. 522; *Thaule* v. *Krekeler,* 17 Hun, 338.) Where the verdict is so excessive as to indicate the result of passion or prejudice, the trial court will set it aside. (1 Sutherland on Damages, 1st ed., 810, and cases there cited; *Doty* v. *Steinberg,* 25 Mo. App. 328, 335; *Spicer* v. *R'y Co.,* 29 Wis. 580; *Patten* v. *R'y Co.,* 32 Wis. 524; *McConnell* v. *Hampton,* 12 Johns. 234.) If the verdict is grossly excessive, indicating passion or prejudice on the part of the jury, it cannot be cured by remittitur, but should be set aside. (*Doty* v. *Steinberg,* 25 Mo. App. 328; *Atchinson etc. R. R. Co.* v. *Dwelle,* 44 Kan. 394; *Unfried* v. *R. R. Co.,* 34 W. Va. 260; *Steinbuchel* v. *Wright,* 43 Kan. 307; *Koeltz* v. *Bleckman,* 46 Mo. 320; *Gulf etc. R'y Co.* v. *Coon,* 69 Tex. 730; *Nudd* v. *Wells,* 11 Wis. 407, 415; *Potter* v. *R'y Co.,* 22 Wis. 615, 620; *Cassin* v. *Delany,* 38 N. Y. 178; *Union Pacific R. R. Co.* v. *Hand,* 7 Kan. 380; *Haight* v. *Hoyt,* 50 Conn. 583.)

*Geo. A. Rankin,* for Respondent.

It has always been the practice of the court to conditionally deny or grant motions for new trials, and "the practice of the court is the law of the court." (Broom's Legal Maxims, 8th ed., pp. 132, 133.) This practice has been followed in the

following cases in this state: *Benedict* v. *Cozzens*, 4 Cal. 381; *Dreyous* v. *Adams*, 48 Cal. 131; *Gregg* v. *S. F. & N. P. R'y Co.*, 59 Cal. 312; *Clark* v. *Huber*, 20 Cal. 196; *Harrison* v. *Peabody*, 34 Cal. 178; *Clanton* v. *Coward*, 67 Cal. 373; *Gardner* v. *Tatum*, 81 Cal. 370. Not only has the doctrine been affirmed as to the power of the trial court, but it has been exercised by the appellate court in numerous cases arising both on contract and on tort (*Kinsey* v. *Wallace*, 36 Cal. 480; *Russell* v. *Dennison*, 45 Cal. 337; 50 Cal. 243; *Carpentier* v. *Gardiner*, 29 Cal. 160; *Pinkerton* v. *Woodward*, 33 Cal. 557, 608; *Hodapp* v. *Sharp*, 40 Cal. 69; *Atherton* v. *Fowler*, 46 Cal. 320, 323; *Phelps* v. *Cogswell*, 70 Cal. 201; *Durfee* v. *Garvey*, 78 Cal. 546; *Loveland* v. *Gardner*, 79 Cal. 317); and the power of the lower court to conditionally grant or deny new trials has been recognized in innumerable cases, including impositions of costs, etc., among which may be cited *Rice* v. *Gashirie*, 13 Cal. 54; *Cordor* v. *Morse*, 57 Cal. 301. The practice, as found here, obtains in nearly every other state. In some of the states, as indeed was the case here, as shown by the cases reported in the first volume of the reports, the rule first adopted was as contended by the defendant, but on mature consideration the opposite rule was adopted and is now the well recognized law. The following cases from some of the states so hold: *Baker* v. *City of Madison*, 62 Wis. 150, overruling *Nudd* v. *Wells*, 11 Wis. 407, and other cases cited by appellant; *Corcoran* v. *Harran*, 55 Wis. 125; *Collins* v. *City of Council Bluffs*, 35 Iowa, 432; *Callanan* v. *Shaw*, 24 Iowa, 441; *Lombard* v. *C. R. I. & P. R. Co.*, 47 Iowa, 494; *Union Rolling Mill Co.* v. *Gillen*, 100 Ill. 55, dissenting from *Loewenthal* v. *Streng*, 90 Ill. 74, cited by appellant; *Thomas* v. *Fischer*, 71 Ill. 576; *McCausland* v. *Wonderly*, 56 Ill. 410; *Illinois Cent. Ry. Co.* v. *Ebert*, 74 Ill. 399; *Albin* v. *Kinney*, 96 Ill. 214; *L. & N. R. R. Co.* v. *Hodge*, 6 Bush, 141; *Branch* v. *Bass*, 5 Sneed, 366; *Howard* v. *Grover*, 28 Me. 97; *Jewell* v. *Gage*, 42 Me. 247; *New Jersey Flax Co.* v. *Mills*, 26 N. J. L. 60; *Town of Union* v. *Durkes*, 38 N. J. L. 21; *Pratt* v. *P. P. Co.*, 35 Minn. 251; *Craig* v. *Cook*, 28 Minn. 232; *Young* v. *Englehard*, 1 How. (Miss.) 19; *Collins* v. *A. & S. R. R. Co.*, 12 Barb. 492; *Clapp* v. *R. R. Co.*, 19 Barb. 461; *Murray* v. *H. R. R. R. Co.*, 47 Barb. 196, affirmed 48 N. Y. 655;

*Laning* v. *N. Y. C. R. R. Co.*, 49 N. Y. 538; *Whitehead* v. *Kennedy*, 69 N. Y. 469, 470; *Hayden* v. *F. S. M. Co.*, 54 N. Y. 221; *Doyle* v. *Dixon*, 97 Mass. 208; *Woodruff* v. *Richardson*, 20 Conn. 238; *Belknap* v. *B. & M. R'y*, 49 N. H. 358; *Yeager* v. *Weaver*, 64 Pa. St. 425; *Pendleton etc. R'y Co.* v. *Rahmann*, 22 Ohio St. 446.

McFarland, J. — This is an action to recover damages for personal injuries alleged to have been received by plaintiff on a passenger train of defendant. The jury returned a verdict for plaintiff of fifteen thousand three hundred dollars. Defendant moved for a new trial upon various statutory grounds, including excessive damages. The trial court made an order that if the plaintiff should consent that the judgment be reduced to nine thousand dollars, the new trial would be denied, and that otherwise it would be granted. Plaintiff filed a written consent to such reduction and the motion was thereupon denied. Defendant appeals from the judgment and from the order denying a new trial.

The main proposition argued by counsel for appellant is that the denial of the motion for a new trial, upon condition that respondent remit part of the amount found by the jury, was unauthorized by law; and that if the court thought the verdict excessive, its duty was to have granted a new trial. This position is undoubtedly upon principle a very strong one; and counsel have defended it very ably. They have also cited authorities from other states which support the proposition; although we are disposed to think that the weight of authority in other states is the other way.

But whatever might be considered the weight of reason and foreign authority on the question above stated, if it were *res integra* here, the right of a court to do what is complained of in the case at bar is too firmly established in this state by a long line of decisions to be now questioned. The following are some of the cases in which the practice of denying a new trial when the plaintiff remits a part of the verdict has been established and recognized: *George* v. *Law*, 1 Cal. 363; *Benedict* v. *Cozzens*, 4 Cal. 381; *Chapin* v. *Bourne*, 8 Cal. 294; *Clark* v. *Huber*, 20 Cal. 196; *Carpentier* v. *Gardiner*, 29 Cal. 160; *Tarbell* v. *R. R.*

*Co.,* 34 Cal. 616; *Harrison* v. *Peabody,* 34 Cal. 178 ; *Kinsey* v. *Wallace,* 36 Cal. 462 ; *Russell* v. *Dennison,* 50 Cal. 243 ; *Atherton* v. *Fowler,* 46 Cal. 323 ; *Dreyfous* v. *Adams,* 48 Cal. 131; *Gregg* v. *R. R. Co.,* 59 Cal. 312 ; *Clanton* v. *Coward,* 67 Cal. 373 ; *Phelps* v. *Cogswell,* 70 Cal. 201; *Durfee* v. *Garvey,* 78 Cal. 546 ; 84 Cal. 590 ; *Loveland* v. *Gardner,* 79 Cal. 317; *Gardner* v. *Tatum,* 81 Cal. 370. It is argued that these authorities constitute a recognition of the practice without inquiry, rather than the determination of a contested point ; but it will be found that in a number of the cases the point was expressly raised and argued by counsel, and definitely determined by the court. Such was the fact in the above-cited cases of *Benedict* v. *Cozzens, Chapin* v. *Bourne, Dreyfous* v. *Adams, Clanton* v. *Coward.* In *Gregg* v. *San Francisco R. R. Co.,* while the briefs of counsel do not appear in the report, the opinion of the court shows that the only point in the case was as to the power of the court to make an order similar to the one in the case at bar, and the court approves the practice as settled. Since then the practice has been frequently approved as beyond question. Moreover, this court has gone further, and has itself on appeal ordered a new trial, unless respondent should file a remittitur of damages. (*Tarbell* v. *R. R. Co., Kinsey* v. *Wallace, Atherton* v. *Fowler, Phelps* v. *Creswell, Durfee* v. *Garvey, Loveland* v. *Gardner,* all *supra.*) It is contended that the rule should not apply to unliquidated damages — damages for personal injuries; but the rule was applied to just such damages in the following cases above cited: *George* v. *Law, Benedict* v. *Cozzens, Tarbell* v. *R. R. Co., Kinsey* v. *Wallace, Gregg* v. *San Francisco R. R. Co., Phelps* v. *Cogswell.* Considering the foregoing authorities, and others not cited, it would be almost as great a stretch of judicial authority for us to undertake to overthrow this long established practice, as it would be to undertake to dispense with a statute. We hold, therefore, that the action of the court now under review was in accordance with settled practice. Some of the cases speak of such action as within the discretion of the court, and, perhaps, there might be a state of facts upon which such action would be an abuse of discretion ; but there was no such abuse of discretion in the case at bar.

There are no other points in the case which call for special

notice. As to the general liability of the appellant, the evidence, although to some extent conflicting, sustains the verdict; and upon the evidence, we cannot pronounce the amount of the damages after the remittitur as excessive — at least in the sense that would warrant us in disturbing it.

Judgment and order affirmed.

DE HAVEN, J., and FITZGERALD, J., concurred.