[S. F. No. 2778.   Department Two.—July 15, 1903.]

GEORGE INGRAHAM, Appellant, v. E. WEIDLER, Constable, etc., Respondent.

NEW TRIAL—EXCESSIVE DAMAGES—DISCRETION OF COURT.—The trial court has discretion, where no abuse thereof appears, to grant a new trial on the assigned ground of excessive damages, appearing to have been given by the jury under the influence of passion and prejudice.

ID.—CONSTITUTIONAL LAW—TRIAL BY JURY—POWER TO GRANT NEW TRIAL.—Section 657 of the Code of Civil Procedure, so far as providing for a new trial on the ground of insufficiency of the evidence to justify the verdict of a jury and excessive damages awarded by a jury, is not violative of section 7 of article I of the state constitution, which declares that "the right of trial by jury shall be secured to all," the power to grant a new trial upon those grounds being a recognized part of the "right of trial by jury."·

APPEAL from an order of the Superior Court of Alameda County granting a new trial. S. P. Hall, Judge.

[2] 13 Am. Rep. 190.

The facts are stated in the opinion of the court.

F. W. Sawyer, for Appellant.

George E. De Golia, for Respondent.

McFARLAND, J.—Action to recover certain personal property, or the value thereof, alleged to have been wrongfully taken by defendant, as constable, under an attachment against persons other than plaintiff, and damages for the wrongful taking, etc. The jury returned a verdict for plaintiff, fixing the value of the property at five hundred and sixty dollars, and awarding damages in the additional sum of five hundred dollars. Defendant moved for a new trial on nearly all the statutory grounds. The court announced that it would grant a new trial on the ground of excessive damages, unless plaintiff would consent to a certain modification of the amount of damages; the plaintiff declined to do so; and thereupon the court made an order granting the new trial, stating in the order that it was made upon the ground of excessive damages, appearing to have been given under the influence of passion and prejudice. From this order plaintiff appeals.

It is not necessary to inquire if the order could be maintained on any ground other than the one stated by the court. It was within the discretion of the court to grant the order upon the assigned ground, (*Davis* v. *Southern Pacific Co.,* 98 Cal. 13, and cases there cited; *Etchas* v. *Orena,* 121 Cal. 270; *Anglo-Nevada Assurance Society* v. *Ross,* 123 Cal. 520); and the record here does not show that the discretion was abused.

Appellant contends that section 657 of the Code of Civil Procedure, so far at least as it provides for a new trial for the causes of "insufficiency of the evidence to justify the verdict" and "excessive damages, appearing," etc., is void, because violative of section 7 of article I of the state constitution, which declares that "The right of trial by jury shall be secured to all"; but there is no ground for this contention. The courts in this country, and in England since long before the time of Blackstone, had always exercised the power of granting a new trial after verdict, and for the causes, among others, of insufficiency of evidence, or that the damages were

either inadequate or excessive (3 Blackstone's Commentaries, 387, et seq.) ; and this power was a recognized part of the "right of trial by jury," as that phrase is used in the constitution.

The order appealed from is affirmed.

Lorigan, J., and Henshaw, J., concurred.

Hearing in Bank denied.