[Civ. No. 8059.   Third Dist.   Jan. 15, 1953.]

SCOTT E. GEARHART et al., Appellants. v. SACRA-MENTO CITY LINES (a Corporation), Respondent.

Hoberg & Finger and McAllister & Johnson for Appellants.

Gerald M. Desmond for Respondent.

SCHOTTKY, J.—Plaintiffs, husband and wife, brought an action for personal injuries to the wife and consequential damages to both of them as the result of the negligence of defendant bus company in closing the rear door of one of their buses while plaintiff Beatrice M. Gearhart was alighting therefrom, catching her foot in the door and causing her to fall to the street.   The verdict of the jury was for plaintiffs, and assessed damages against defendant in the sum of $973.30, which was the exact amount of special damages which plaintiffs had proved.   Plaintiffs moved for a new trial, as did defendant, these motions presenting the matter of the jury's verdict having failed to provide for any general damages.   The trial court entered an order denying plaintiffs' motion for a new trial provided defendant consented to modification of the judgment by increasing it by $1,000.   Defendant filed that consent, whereupon plaintiffs' motion for new trial was denied and judgment was entered

against defendant in the amount of $1,973.30. Plaintiffs did not consent to the additur, and they have appealed, presenting for determination the matter of whether the trial court has the power to increase a jury verdict by a conditional order of the type here involved with the consent of the defendant but against the will and without the consent of the plaintiffs.

At the time the trial court made its order there was a conflict of authority in California as to the power of the trial court to make such an order, but since the entry of the judgment appealed from our Supreme Court, in the case of *Dorsey* v. *Barba,* 38 Cal.2d 350 [240 P.2d 604], has laid down the rule that the trial court has no power to make such an order. In that case plaintiffs brought suit for personal injury, and the jury returned verdicts in their favor against defendant Vincent Barba, and judgment was entered on said verdicts. Thereafter, pursuant to a conditional order made on plaintiffs' motion for a new trial, the court, with Vincent's consent, modified the judgment against him by increasing the amount of damages awarded. Plaintiffs, who did not consent to the increase, appealed from the modified judgment against Vincent, and the Supreme Court, in reversing the judgment, said at page 358:

"In support of the practice of denying a new trial over the plaintiffs' objection on condition that defendant consent to pay an increased amount, it has been said that the constitutional guarantee is satisfied when the plaintiff has had one jury trial and that the court's exercise of its power to grant or deny new trials will not be disturbed in the absence of an abuse of discretion. (See dissenting opinion *Dimick* v. *Schiedt,* 293 U.S. [474] at 492-498 [55 S.Ct. [296] at 303-305, 79 L.Ed. 603, 95 A.L.R. 1150].) However, it is not the mere form of a jury trial to which one is entitled under the Constitution, but the fundamental right to have a jury determination of a question of fact. It is, of course, clear that there has been no denial of such right if a verdict is set aside and motion for new trial granted. (*Estate of Bainbridge,* 169 Cal. 166 [146 P. 427]; *Ingraham* v. *Weidler,* 139 Cal. 588 [73 P. 415].) But it does not follow that, in lieu of ordering a new trial, the court may itself assess damages on conflicting or uncertain evidence and modify the judgment with the assent of only one party. Neither can such procedure be justified as a proper exercise of the court's authority to prescribe terms in granting or denying motions for new trials. A court may not impose

conditions which impair the right of either party to a reassessment of damages by the jury where the first verdict was inadequate, and the defendant's waiver of his right to jury trial by consenting to modification of the judgment cannot be treated as binding on the plaintiff.

''It is true that a court has power to require *reduction* of *a* jury's award over the defendant's objection as a condition to denying his motion for a new trial in cases where damages are uncertain and speculative. (*Draper* v. *Hellman Commercial T. & S. Bank,* 203 Cal. 26, 42-43 [263 P. 240] ; *Morris* v. *Standard Oil Co.,* 192 Cal. 343 [219 P. 998, 30 A.L.R. 1103] ; *Zibbell* v. *Southern Pac. Co.,* 160 Cal. 237, 254 [116 P. 513].)   There is considerable doubt whether this power was recognized at common law, but, as stated by this court in 1893, the practice is 'too firmly established in this state by a long line of decisions to be now questioned.' (*Davis* v. *Southern Pac. Co.,* 98 Cal. 13, 17, 18 [32 P. 646].) There may be no real distinction between the powers to increase and decrease an award of damages, but it does not follow that because the practice of remitting damages over the defendant's objection has been approved through what appears to have been a misconception of common law procedure, we must now allow the court to assess increased damages over the plaintiff's objection, a practice which has even less basis in the common law.  Like the United States Supreme Court in the Dimick case, we are reluctant to extend the precedent of the remittitur cases, by analogy or otherwise, to the present situation, since it would result in impairment of the right to jury trial.

''Arguments to the effect that courts should be permitted to increase awards without the plaintiff's consent because such procedure is more expeditious and would constitute an improvement over established practice might be persuasive if addressed to the people in support of a constitutional amendment, but they are not appropriate here.''

In view of the foregoing decision of the Supreme Court it follows that the trial court erred in entering judgment for the increased amount without the consent of plaintiffs and that the judgment should be and the same is reversed.

Van Dyke, P. J., and Peek, J., concurred.