JAKES FOUNDRY CO. v. TENNESSEE-CAROLINA
TRANSPORTATION, INC., et al.—329 S. W. (2d) 364.

Middle Section, Nashville.   July 31, 1959.

Certiorari Denied by Supreme Court December 11, 1959.

Judson Harwood, Nashville, for Jakes Foundry Co.

Gracey, Buck, Maddin & Cowan, Nashville, for defendant-appellant Carriers.

Moore, Crownover, Branstetter & Folk, Nashville, for individual appellants.

FELTS, J. The principal case above styled was a suit by a shipper against a number of common carriers by motor truck for an injunction to require them to continue rendering their customary carrier pick-up and delivery service at complainant's plant, which service they had stopped because of picketing at the plant. The Chancellor granted a preliminary injunction which, following the practice in equity, ran against "defendants and their agents and servants," and which was served on defendants.

None of the defendants filed any plea, demurrer or answer in the cause. Instead, a number of defendants and their employees, assuming to decide the matter for themselves, refused to perform the carrier service, and willfully disobeyed the Chancellor's injunction.

Complainant shipper filed petitions for attachments for contempt against the defaulting carriers, five in number, and against nine individuals, agents and servants of the carriers, setting out that they had refused to perform the carrier service, wilfully disobeyed the temporary injunction, and defied the authority of the court.

None of these carriers or individuals offered any defense or denial of the contempt charged. Instead, they filed pleas in abatement alleging that the Chancery Court had no jurisdiction of the subject matter upon the ground that it involved a labor dispute which had been pre-empted from state control by federal power because it involved activity either protected by section 7 or prohibited by section 8(b) of the Taft-Hartley Act (29 U. S. C. A. secs. 157, 158(b)).

Complainant demurred to these pleas; and hearings were had upon the contempt petitions, the pleas, demurrers, and proof offered by some of the carriers, none of the other defendants offering any proof. The Chancellor found four of the carriers guilty of contempt under the first petition and fined them $25 each. He found all five of them guilty under the second petition and fined them $50 each. He found seven of the individuals guilty under the first petition and fined them $5 each. He also found three of them guilty under the second petition and fined two of them $10 each and one of them $25.

All of the contemners appealed, except William Brown, and have assigned errors here insisting that the Chancery Court had no jurisdiction of the subject matter of this suit; that it involved a labor dispute which had been pre-empted from state by federal power, because it involved activity either protected under section 7 or pro-

hibited under section 8(b) of the federal Act; and that the Chancellor's temporary injunction was void and might be contemned with impunity.

Counsel for appellant individuals concede that this case cannot be distinguished from the case of Aladdin Industries, Inc. v. Associated Transport, Inc.,* 42 Tenn. App. 52, 298 S. W. (2d) 770, on remand, 45 Tenn. App. 329, 323 S. W. (2d) 222, except in one particular. There, the refusals of the men to cross the other union's picket line were separate and individual, not "concerted," while here appellants, members of Teamsters Local 327, averred in their plea that their refusals were "concerted" and were made to assist the other union.

█ We think this is not a decisive difference. Such a matter might have been urged as a defense in the main suit, but, in our opinion, it cannot be urged as a defense or excuse for flouting the injunction and defying the Chancery Court as a usurper, as appellants did.

In all its essentials, the case before us is exactly similar to the contempt case of Aladdin Industries, Inc. v. Associated Transport, Inc., supra. Appellants' arguments here are to the effect that that case was wrongly decided and should now be overruled by us. We are satisfied with that decision, and think it controls this case.

Appellants cite Amalgamated Association, etc. v. Wisconsin Employment Relations Board, 340 U. S. 383, 71 S. Ct. 359, 95 L. Ed. 364, as authority for their contention that the conduct here enjoined had been pre-empted from state control by federal power, and that the Chancellor

---

* The writ of certiorari was denied October 19, 1959, by the United States Supreme Court *sub nom.* McCrary v. Aladdin Radio Industries, Inc., 361 U.S. 865, 80 S.Ct. 117, 4 L.Ed.(2d) 104.

had no jurisdiction of the subject matter, and his temporary injunction was void and might be contemned with impunity.

We think that case affords no support for such contention. There, the state court enjoined a strike and adjudged the unions in contempt for violating a restraining order; and the Supreme Court of the United States reversed that judgment. But it appears that the only point there ruled was that the Wisconsin statute under which the state court acted was invalid as in conflict with the federal Act.

█ So, that case is no precedent or authority for the point now urged by appellants, because that point was not considered or decided. " 'Questions which merely lurk in the record, neither brought to the attention of the court nor ruled upon, are not to be considered as having been so decided as to constitute precedents.' " KVOS, Inc. v. Associated Press, 299 U. S. 269, 279, 57 S. Ct. 197, 81 L. Ed. 183, 189.

To give Amalgamated Association, etc. v. Wisconsin Employment Relations Board, supra, the construction urged by appellants, would, in our opinion, bring it into conflict with United States v. United Mine Workers of America, 330 U. S. 258, 67 S. Ct. 677, 91 L. Ed. 884, and the many other cases there cited.

All of the assignments of error are overruled. The decree of the Chancellor is in all things affirmed. The costs of the cause are adjudged against appellants and the sureties on their appeal bonds. The cause will be remanded to the Chancery Court for further proceedings not inconsistent with this opinion.

Hickerson and Shriver, JJ., concur.