PENSICK & GORDON, INC., Appellant,

v.

CALIFORNIA MOTOR EXPRESS et al., Appellees.

Nos. 17235, 17380.

United States Court of Appeals Ninth Circuit.

Sept. 18, 1963.

Hill, Farrer & Burrill, Carl M. Gould, M. B. Jackson, and S. E. Tobin, Los Angeles, Cal., for appellant.

Catlin & Catlin, and George L. Catlin, Los Angeles, Cal., for appellees Universal Carloading & Distributing Co., Inc., a Corp.; Republic Carloading & Distributing Co., Inc., a Corp.; National Carloading Corp., a Corp.; Western Carloading Co., a Corp.; and Acme Fast Freight, Inc., a Corp.

Russell & Schureman, and Theodore W. Russell, Los Angeles, Cal., for appellees California Motor Express, Ltd., Delta Lines, Inc., Desert Express, Merchants Express of California, Valley Motor Lines, Inc., and Western Truck Lines, Ltd., and Braswell Motor Freight Lines, Inc., Hopper Truck Lines, Illinois California Express, Inc., and Denver Chicago Motor Trucking Co., Inc.

Loeb & Loeb, Harry J. Keaton, and Robert A. Holtzman, Los Angeles, Cal., for appellees Pacific Intermountain Express, a Corp., and Consolidated Freightways, a Corp.

Before BARNES and JERTBERG, Circuit Judges, and WEIGEL, District Judge.

WEIGEL, District Judge.

When these cases were considered by us last year, [1] we held that the District Court was without jurisdiction to determine whether or not appellee motor carriers failed to provide service as required by Section 216 of the Motor Carrier Act (49 U.S.C.A. § 316). We affirmed dismissal of a complaint grounded in claims of violation of that statute because of our view that the statute itself vested such jurisdiction exclusively in the Interstate Commerce Commission. We held, further, that the effort of appellant, in an amended complaint, to assert a common law right of action for failure to provide service raised identical issues and was, therefore, also rightly dismissed by the District Court upon the same grounds.

The Supreme Court has now remanded to us "for further consideration in light of Hewitt-Robins Inc. v. Eastern Freight-Ways, Inc., [371 U.S. 84, 83 S.Ct. 157, 9 L.Ed.2d 142 (1962)]". 371 U.S. 184, 83 S.Ct. 264, 9 L.Ed.2d 227 (1962).

In the light of Hewitt-Robins, we now hold that the amended complaint states a common law cause of action which survived enactment of the Motor Carrier Act. What effect that statute or any other federal statute may have upon the surviving common law cause of action will have to be determined by the District Court in further proceedings.

We do not read Hewitt-Robins as holding that the Motor Carrier Act created a statutory cause of action cognizable in the federal courts in the first instance. Hewitt-Robins considered only the survival of the common law right there involved. It did not change the holdings in T.I.M.E. Inc. v. United States, 359

U.S. 464, 79 S.Ct. 904, 3 L.Ed.2d 952 (1959) nor Consolidated Freightways v. United Truck Lines, 216 F.2d 543 (9th Cir., 1954) upon which we relied in deciding that the first complaint, grounded in claimed violations of statutory right, was properly dismissed for lack of jurisdiction.

Therefore, the further proceedings below, grounded solely in common law rights, will be limited to the plaintiff and to those defendants as to whom diversity exists.

■ The starting point for further proceedings on the cause of action sounding in common law will rest, of course, upon the long recognized doctrine that a cause of action does exist against a common carrier for unjustified failure or refusal to transport freight. The California cases include: Samuelson v. Public Utilities Commission, 36 Cal.2d 722, 227 P.2d 256 (1951); Chase v. South Pacific Coast R. Co., 83 Cal. 468, 23 P. 532 (1890); Tarbell v. Central Pac. R. Co., 34 Cal. 616 (1868) (passenger); American Fruit Distributors of California v. Hines, 55 Cal.App. 377, 203 P. 821 (1921). The cases in other jurisdictions include: Missouri Pac. R. Co. v. Larabee Flour Mills Co., 211 U.S. 612, 29 S.Ct. 214, 53 L.Ed. 352 (1909); York Co. v. Central R., 3 Wall. 107, 70 U.S. 107, 18 L.Ed. 170 (1865); New Jersey Steam Navigation Co. v. Merchants' Bank, 6 How. 344, 47 U.S. 344, 12 L.Ed. 465 (1848); Swayne & Hoyt, Inc. v. Everett, 255 F. 71 (9th Cir., 1919); Moor v. Texas & N. O. R. Co., 75 F.2d 386 (5th Cir., 1935); Merchandise Warehouse Co. v. A.B.C. Freight For. Corp., 165 F.Supp. 67 (S.D.Ind.1958); Montgomery Ward & Co. v. Northern Pacific Terminal Co., 128 F.Supp. 475 (D.C.Ore.1953); Louisville & N. R. Co. v. Falls City, etc., Co., 249 Ky. 807, 61 S.W.2d 639, 91 A.L.R. 509 (1933); Nelson v. Atlantic Coast Line R. Co., 166 N. C. 547, 82 S.E. 868 (1914); Pittsburgh C., C. & St. L. Ry. Co. v. Racer, 5 Ind. App. 209, 31 N.E. 853 (1892); Avinger v. South Carolina R. Co., 29 S.C. 265, 7 S.E. 493 (1888); Central & M. R. Co. v. Morris, 68 Tex. 49, 3 S.W. 457 (1887).

■ Appellees again strongly urge upon us that the jurisdiction of the District Court was pre-empted by that of the National Labor Relations Board under the Labor Management Relations Act, 29 U.S.C.A. § 141 et seq. In support of this position, they rely upon these cases: General Drivers Warehousemen & Helpers Local Union No. 89 v. American Tobacco Co., 264 S.W.2d 250 (Ct.App. Ky., 1953, modified on rehearing 1954), reversed, 348 U.S. 978, 75 S.Ct. 569, 99 L.Ed. 762 (1955); Kerrigan Iron Works v. Cook Truck Lines, 41 Tenn. App. 467, 296 S.W.2d 379 (1956), reversed sub nom. Teamsters, Chauffeurs, Helpers, & Taxicab Drivers, Local Union No. 327 v. Kerrigan Iron Works, 353 U.S. 968, 77 S.Ct. 1055, 1 L.Ed.2d 1133 (1957); Aladdin Industries v. Associated Transport, 42 Tenn.App. 52, 298 S.W. 2d 770 (1956), vacated and remanded sub nom. McCrary v. Aladdin Radio Industries, 355 U.S. 8, 78 S.Ct. 12, 2 L.Ed.2d 22 (1957), see 45 Tenn.App. 329, 323 S.W.2d 222 (1958) on remand; Jakes Foundry Co. v. Tennessee-Carolina Trans. Co., 46 Tenn.App. 309, 329 S.W. 2d 364 (1959), reversed sub nom. Bogle v. Jakes Foundry Co., 362 U.S. 401, 80 S.Ct. 812, 4 L.Ed.2d 864 (1960). The cited cases are not controlling here. This is an action by a shipper against various common carriers for damages resulting from claimed breach of a common law duty. No union is a party. No union intervened. No unfair labor practice is alleged. No injunction was issued or sought to control the conduct of any union or employer. The absence of any such facts here sufficiently distinguishes the cases relied upon by appellees.

In further proceedings, the District Court can determine to what extent, if any, the common law right has been affected or qualified or supplemented by the Motor Carrier Act, supra, or the Labor Management Relations Act, supra, —either, neither or both. Moreover, if development of the facts should make it appropriate, the District Court can refer

or require reference to the Interstate Commerce Commission or the National Labor Relations Board for such aid as may be necessary or useful to that court's ultimate decision. Federal Maritime Board v. Isbrandtsen Co., 356 U.S. 481, 498, 78 S.Ct. 851, 2 L.Ed.2d 926 (1958); United States v. Western Pacific R. Co., 352 U.S. 59, 77 S.Ct. 161, 1 L.Ed.2d 126 (1956). See also Hewitt-Robins, supra, 371 U.S. p. 85, footnote, 83 S.Ct. p. 158, 9 L.Ed.2d 142.

The evidence adduced before the District Court may well disclose a situation where the common law rights of the parties must be balanced in the light of pertinent federal statutes. Indeed, a balance may have to be stricken in measuring the conflicting impacts of apparently conflicting federal statutes upon those common law rights. Resolution may not be easy, but it can best be accomplished after a full airing and consideration of all the facts.

The matter is now accordingly remanded to the District Court for further proceedings consistent with the views expressed above.