\*JEREMIAH BENEDICT, RESPONDENT, v. W. M.   [381]
COZZENS et al. APPELLANTS.

TRIAL, CONTINUANCE.—Under any circumstances, the withdrawal of a juror, and
the continuance of a case thereby, is no ground for reversing a judgment sub-
sequently obtained.

[1] SUBSTITUTION OF PAPERS.—The substitution of papers (or pleadings in a case),
is always within the discretion of the Court, and no notice of the motion to
apply for it need be given, when the notice can be of no use.

NEW TRIAL, TERMS MAY BE IMPOSED.—The Court may impose terms in granting
or refusing a new trial. In requiring a *remittitur* of a portion of the judgment,
as terms for refusing the motion for a new trial, the Court used a sound and
admitted discretion.

APPEAL from the Sixth Judicial District.

This was an action to recover damages from the defend-
ants for a malicious prosecution, and the damages were laid
at $10,000.

At the October term, 1852, on the first trial, after the
plaintiff had made some progress in the cause, he offered
certain depositions in evidence, which on objection by the
defendants, were rejected by the Court, and thereupon the
Court, a the instance of the plaintiff, withdrew a juror. On
the 28th of December, 1852, on motion of plaintiff's attor-
ney, and it appearing to the satisfaction of the Court, that
the papers in the case had been destroyed by fire, it was
ordered by the Court that the plaintiff have leave to file a
new complaint. On the 16th of June, 1853, the case was
tried and the jury rendered a verdict for plaintiff, and
assessed his damages at $8,500. Before proceeding to
trial, defendants objected, contending that the withdrawal
of a juror was equivalent to a nonsuit, and that a new and
different complaint had been substituted, *ex parte*, without
notice to the defendant. The Court overruled these ob-
jections, and the defendants excepted. Defendants after-
wards moved for a new trial, on the grounds of excessive
damages, insufficiency of evidence to justify the verdict, and
error in law occurring at the trial. The Judge overruled

[1] Overruled in *People* v. *Cazalis*, 27 Cal. 523.

[382]    the motion, on condition that the *plaintiff should
within twenty days file a *remittitur* of $3,000 from
the verdict and judgment; whereupon the defendants ap-
pealed from the judgment and order denying a new trial.

*Robinson, & Morrison,* for Appellants.

The Court erred in permitting a juror to be withdrawn,
and in not nonsuiting the plaintiff. (Practice Act, § 148,
149, 158.)   The Court erred in allowing the substitution of
a complaint materially different without leave to defendant
to file an amended answer. (8 Ala. 298.)   The verdict of
the jury was excessive, and for that reason a new trial
should have been granted; the condition imposed by the
Court shows this.

*S. Saunders, Jr.,* for Respondent.

Permitting a juror to be withdrawn is a matter within the
discretion of the Court. (Graham's Practice, 291, 2d edit.;
8 Cow. 127; Gallison, 364.)   The Court, under our practice,
"in furtherance of justice," allowed the withdrawal and
continued the case.   The defendant was not prejudiced by
the new complaint, as his answer was filed on the day of
trial.   The power of Court to impose terms, by way of
*remittitur*, is fully settled. (2 Rich. S. C. 507, 512; Sandf.
20; *Dibber* v. *Murphy*, 1 How. Miss. 19; 17 Pick. 453.)

Mr. Justice HEYDENFELDT delivered the opinion of the
Court.   Mr. Ch. J. MURRAY concurred.

1.   The withdrawal of the juror was made to operate as a
continuance by the Court.   Such must, then, have been the
design of it, and otherwise unexplained, it must be pre-
sumed to have been done by consent, or without objection.
Under any circumstances, it is no ground for reversal.

2.   The substitution of papers is always within the dis-
cretion of the Court, and no notice of the motion to apply
for it need be given, when the notice can be of no use.   The

principal paper substituted here, was the declaration, to which the defendant had the opportunity afterwards to plead or demur.   The only thing the defendant could have shown, if he had had *notice on the motion to sub-    [383] stitute, was that the paper offered was in some respects different from the one lost.   But this difference, if it was material, could afterwards as well be adopted by motion to amend.

3.   There was no error in refusing the new trial.   In requiring a *remittitur* of a portion of the judgment as terms for refusing the motion, the Court used a sound and admitted discretion.   It is only saying that, although the verdict is excessive, yet had it been so much less it would not be excessive.   By the reduction, the action of both Court and jury is made to coincide *pro tanto* against the defendant, and where that is the case, the result of the coincidence ought to be the measure of the judgment.

Judgment affirmed, with ten per cent. damages.