# CHAPIN v. BOURNE.

Alcalde grants of beach and water-lots in San Francisco, not recorded on or before the third of April, 1850, in some book of record, in the possession and under the control of the recorder of San Francisco, are void.

On the formation of this State, the title to water-property passed to this State.

The act of the twenty-sixth of March, 1851, granted to the city of San Francisco, certain beach and water-lot property in San Francisco, for ninety-nine years. The sale to defendant of a portion thereof, by the State Board of Land Commissioners, under the act of May 18, 1853, passed nothing but the State reversionary interest.

The Leavenworth alcalde grants could not pass title, or affect the beach and water-lot property of San Francisco, except so far as conceded by the act of March 26, 1851, and upon a compliance with the requisitions thereof.

It is not error in the Court below to refuse a new trial, provided the successful party will consent to a reduction of his judgment.

APPEAL from the Superior Court of the City of San Francisco.

This was an action of ejectment, brought to recover a lot in San Francisco, situated within the line of what is known as beach and water lot property. On the trial, the plaintiff introduced in evidence a certified copy of a grant from T. M. Leavenworth, former alcalde of San Francisco, to W. C. Parker, (the loss of the original having been established) and sundry mesne conveyances from Parker to himself; he also established a continuous possession and occupation of said Parker and his grantees, down to the time of his eviction by the defendant.

The defendant relied upon a deed from the Board of Land Commissioners, made in pursuance of the act of May, 18, 1853.

The jury before whom the case was tried, brought in a verdict for five hundred dollars damages, in addition to finding generally for the plaintiff. On the hearing of the motion for a new trial, made by defendant, the Court ordered that without plaintiff consented to remit two hundred and fifty dollars of the damages recovered, a new trial would be granted. This plaintiff did, and the defendant took this appeal from the judgment and the order denying the new trial.

*Stow & Brown* for Appellant.

The grant under which plaintiff claims, does not come within the Water-Lot Act of 1851, in this that it does not appear to have been recorded in a book in the recorder's office, as required by the statute.

The certificates of the notaries to the mesne conveyances are insufficient to pass the title.

The proofs show that defendant's tenant was in possession of a part of the lot, if so, the action should have been against him.

The Court below erred in granting a new trial conditionally.

The title of Bourne to the lot in question appears to be paramount from the record.

*H. S. Love,* for Respondents.

The plaintiff was entitled to recover, on the ground of prior possession of the premises, in the grantors of the plaintiff.

The lot in question, is a part of the land known as the "Beach and Water-Lots." These lots were granted to the city of San Francisco, by the act of March, 26, 1851, for the term of ninety-nine years, excepting all lands sold by authority of the ayuntamiento, or town or city council—or which have been granted by any alcalde, and registered or recorded in some book of record, now in the office or custody or control of the recorder of the county of San Francisco, prior to the third of April, 1850. Sess. Laws, 1851, p. 809, § 2.

The grant from Leavenworth to Parker, was filed with the clerk of the county of San Francisco, and recorded.

The word "recorder," in the act, must have been intended for "clerk," and a thing within the intention of the act, is within its meaning, as much as if within its letter.

The original grant was proved to have been lost, and a certified copy was properly admitted in evidence. See sec. 3, of same act, p. 309, Laws of 1851.

But if the Court should be of the opinion that the grant was not properly recorded, yet the title being originally in the State, was by the act of March 26, 1851, transferred to the city of San Francisco. If so, the defendant, by virtue of his deed from the "State Land Commissioners," only required the right to the possession of the lot, after the expiration of ninety-nine years, from March 1851. See act authorizing sale water lots—Laws of 1858, p. 210, et. seq.; in taking possession of the lot therefore, he was a mere trespasser.

This Court has frequently decided, that a party can recover on the ground of prior possession, as against a trespasser, and without showing title in himself. McCarren et al. *v.* O'Connell et al., Jan. T., 1857; Winans et al. *v.* Christy, 4 Cal., 70.

Title in a third person will not prevail, as against a mere trespasser, without connecting himself with that title. See Winans et al. *v.* Christy et al., above cited.

TERRY, C. J., after stating the facts, delivered the opinion of the Court—BURNETT, J., concurring.

The defendant relies upon a deed executed by the Board of Land Commissioners, by virtue of an act passed May 18th, 1853. At the time when Leavenworth made the grant to Parker, the pueblo of San Francisco had no title whatever to the water property: it belonged to the United States, who held it in trust for any new State that might be erected out of said territory, and passed to the State of California on her admission, by virtue of her sovereignty. The grant was therefore a nullity. On the twenty-sixth of March, 1851, the Legislature passed an act grant-

ing to the city of San Francisco, for the term of ninety-nine years, certain property known as the beach and water-lot property, of which this is a part. The act contained a reservation, in favor of those claiming under alcalde grants and city sales. Such titles were confirmed to the then holders, provided such conveyances were registered or recorded in some book of record on or before the third of April, 1850, which book was in the possession and under the control of the recorder of San Francisco, at the date of the passage of the act.

There is no evidence that the grant to Parker was ever so recorded. A copy of the petition and grant was admitted in evidence, certified by John E. Addison, county clerk, on the seventh of June, 1850, to be a correct copy of the original record at that time in his office.

The law requires, that the grant should be recorded in a book in the recorder's office, or a book kept by and under the control of the recorder, and not of the county clerk. But even if there were some mistake about this, the certificate does not state that such grant was of record on the third of April, 1850.

It may very well be, that the original grant was on the record in the county clerk's office, at the date of the certificate, and still not recorded at the time and in the mode pointed out by the statute. The plaintiff having failed to make out a title under the Water-Lot Act, is driven to his prior possession, which is sufficiently established to enable him to recover, unless the deed executed to defendant, by the San Francisco Land Commissioners should be held valid.

The Water-Lot Act, gives to the city all the lands within certain boundaries, except such as have been granted or sold in a certain manner. The grant of the lot in question, not having been recorded as required, it necessarily follows that it passed to the city, and that the Commissioners had no power to sell any other than the reversionary interest of the State.

It is urged, that the testimony shows that the defendant's tenant is in possession of a part of the property, and that he should have been joined. The record discloses the fact, that the defendant was in possession of the entire property at the commencement of the suit; even if he was not, the objection comes too late, after having come in and defended, he cannot complain of the judgment. Whether his tenant can be dispossessed without having been made a party, is a question with which he has no concern.

The Court below had a perfect right to require the plaintiff to remit a portion of the damages. It has been repeatedly held, that this power was within the discretion of the Court, and its exercise has been encouraged.

Judgment affirmed.