[No. 11026.　Department Two. — August 26, 1885.]

# D. R. CLANTON, RESPONDENT, v. W. M. COWARD, APPELLANT.

PRACTICE — VERDICT — CONFLICT OF EVIDENCE. — Where there is a substantial conflict in the evidence, a verdict will not be disturbed on the ground of insufficiency of the evidence to sustain it.

ID. — POWER TO REMIT EXCESS. — The court may allow the plaintiff to remit from a verdict an excess over and above the amount demanded in the complaint, and to take judgment accordingly.

SURETYSHIP — REIMBURSEMENT — PLEADING. — In an action by a surety on a promissory note against his principal for reimbursement, the suretyship not appearing on the face of the note, a complaint which avers that the plaintiff signed the note as a surety only, and for the accommodation of the defendant, need not allege a request from the defendant to the plaintiff to pay the same.

APPEAL — AFFIDAVIT. — An affidavit which is not embodied in any statement or bill of exceptions cannot be considered on appeal.

APPEAL from a judgment of the Superior Court of the county of Yolo, and from an order refusing a new trial and certain other orders.

The facts are stated in the opinion.

*R. Clark*, and *Hudson Grant*, for Appellant.

The verdict cannot be cured by remitting the excess. (*Koeltz v. Bleckman*, 46 Mo. 321; *Dougherty* v. *Haggin*, 63 Cal. 522.) The complaint should allege a request from the defendant to the plaintiff to pay the note. (Swan's Pleadings, p. 174; *Farron v. Sherwood*, 17 N. Y. 227; *Byxbie* v. *Wood*, 24 N. Y. 607; *Irwin*

v. *Shultz*, 46 Pa. St. 174; 2 Greenleaf on Evidence, §§ 107, 113, 114; *Victors* v. *Davis*, 1 Dowl. & L. 894; 1 Parsons on Contracts, 469.)

*Harding & Goin*, for Respondent.

No allegation of request was necessary. (1 Parsons on Contracts, 6th ed. 471, 474, *570, n. *f.*; *Green* v. *Palmer*, 15 Cal. 414, 415; 76 Am. Dec. 492; *Levinson* v. *Schwartz*, 22 Cal. 229; *Wilkins* v. *Stidger*, 22 Cal. 231, 236.) The court ruled correctly in permitting the plaintiff to remit the excess. (*Gillespie* v. *Jones*, 47 Cal. 264; *People* v. *Hagar*, 52 Cal. 183, 184, and other cases cited in the opinion of the court.)

SEARLS, C. — Action on a promissory note made by plaintiff and defendant. Plaintiff had verdict and judgment.

The promissory note in question was joint and several in form, and made by plaintiff and defendant to one A. D. Porter for $4,500 and interest, which sum of money was borrowed from Porter and used in the purchase of a marble yard, the deed for which was taken in the name of defendant.

Plaintiff and defendant were engaged as partners in buying and selling real estate in Yolo County, the former furnishing capital, and the latter rendering services in the business of the firm, keeping or causing to be kept the books of account of the partnership transactions.

The theory of plaintiff is that the purchase of the marble yard was an individual transaction on the part of defendant, having no connection with the partnership affairs, and that in joining with defendant in making the note in suit he did so merely to accommodate defendant, who received the money borrowed to his own use, and that he, plaintiff, having paid the note, he is entitled to recover the amount so paid with interest.

Defendant, on the other hand, contends that the purchase of the marble yard was a partnership venture, and that the money was borrowed and used, and the note given for partnership purposes. Plaintiff, in his complaint, demands judgment for the amount by him paid on the note, viz., $4,650.

The jury rendered a verdict in favor of plaintiff for $4,972, being $322 in excess of the sum demanded in the complaint.

Plaintiff remitted the excess and took judgment for the $4,650. After the entry of judgment defendant moved to set aside the verdict on the ground that it is not within the issues, is inconsistent with the same, and in excess of plaintiff's demand, which motion was denied, and the appeal is from final judgment, from an order denying a motion for a new trial, and from the order refusing to set aside the verdict.

The first point made by appellant is that "the verdict is not sustained by the evidence."

There was a substantial conflict in the evidence on every point essential to a recovery, and upon principle so well settled as not to require reference to the large number of cases in which the doctrine has been held, we are not at liberty to interfere with the verdict of the jury on that ground.

The second point is that "the court should have set aside the verdict on defendant's motion, because the same was outside of the issues made by the pleadings, and should have ordered an accounting."

It appears in the record that plaintiff was permitted by the court to remit from the verdict the excess over and above the amount demanded in the complaint, and that this action was excepted to by appellant.

We think the course pursued was not without warrant.

The court may disregard the action of a jury in finding as to facts not put in issue by the pleadings. (*Pierce* v. *Schaden*, 62 Cal. 285.)

Had the judgment been entered for the amount of the verdict it would have been cause for granting a new trial, but even then the court might have denied the motion, on condition that plaintiff remit the excess. (*Chapin* v. *Bourne*, 8 Cal. 294; *Harrison* v. *Peabody*, 34 Cal. 178; *Dreyfous* v. *Adams*, 48 Cal. 131; *Orr* v. *Hopkins*, 1 West C. Rep. 157.)

What the court could do in this respect on motion for new trial it could do on motion of plaintiff before the entry of judgment.

It was not necessary for the plaintiff to aver in his complaint or prove that he paid the note at the request of defendant.

It is a sufficient answer to this to say that the complaint avers that the plaintiff signed the note as surety only, and for the accommodation of the defendant.

By these words the request was sufficiently averred.

Upon such payment being made, if the note was given as evidence of a debt due from defendant to the payee, the law casts a liability for repayment upon defendant, and raises an implied promise on his part to reimburse plaintiff; and suit brought was a sufficient demand.

The authorities cited by the learned counsel for appellant from 2 Greenleaf on Evidence, §§ 113, 114, relate to cases where a party pays, lays out, and expends money for the benefit of another, without being legally bound so to do, in which cases a request must be averred.

No order for an accounting was proper in the case.

The answer is not framed with any such view, and defendant does not ask for an accounting therein. Defendant claimed the note to be a partnership liability. If correct in this he was entitled to a verdict. But the jury found against him on the issue, as they did also on the defense of accord and satisfaction.

The affidavit purporting to be that of G. W. Hutchins, foreman of the jury who tried the cause, cannot be considered, as it forms no part of the record, not having been embodied in any statement or bill of exceptions.

The judgment of the court below and the orders denying the motion for new trial and refusing to set aside the verdict should be affirmed.

BELCHER, C. C., and FOOTE, C., concurred.

THE COURT. — For the reasons given in the foregoing opinion the judgment and order are affirmed.