MOORE v. MOTT et al.

No. 19,158; October 7, 1893.

34 Pac. 345.

**Attachment—Action on Bond—Judgment—Presumption.**—In an action on a bond given to secure release of attached property, conditioned for liability in case judgment was rendered against defendant in attachment, a finding that a judgment was not rendered is not warranted where, in the record of the attachment suit subsequent to a judgment of nonsuit, appears a judgment for plaintiff therein, as to the legality of which there is no evidence, there being a presumption in its favor.

APPEAL from Superior Court, Los Angeles County; W. N. Clark, Judge.

Action by Alfred Moore against S. H. Mott and W. C. Furney. Judgment for defendants. Plaintiff appeals. Reversed.

S. B. Gordon for appellant; John D. Bicknell, J. W. Swanwick and A. W. Hutton for respondents.

PER CURIAM.—This action is upon an undertaking given to procure the release of property from an attachment. The writ was issued in an action brought by Alfred Moore, as plaintiff, against one Dorward. The undertaking is in the form prescribed by statute, and a copy is attached to the complaint. It recites the issuance and levy of the attachment, that the defendant had applied to the court for an order releasing and discharging the property from the operation of the attachment, and that the court had fixed the value of the property attached at $1,200; and in consideration of the premises the sureties (defendants herein) undertook and promised that, in case the plaintiff recovered judgment, defendants would, on demand, redeliver the attached property to the sheriff, to be applied to the payment of the judgment, or, in default thereof, the sureties would pay, on demand, to the plaintiff, the sum of $1,200. It is averred in the complaint that plaintiff, on the 8th of November, 1889, recovered a judg-

ment against the said Dorward, in the said attachment suit, for $831.63, and that due demand had been made on said defendants for payment. The defendants, appearing by their respective counsel, (1) deny that plaintiff did recover judgment in the attachment suit against Dorward; and (2) aver that, in said attachment suit, Dorward recovered judgment against the plaintiff, wherein it was adjudged that the plaintiff take nothing by his said action, and that said Dorward recover his costs, which were therein taxed at $27.50; and that on the 10th of July, 1889, said Alfred Moore paid said judgment in full; and that since such payment no action has been pending in favor of said Moore against said Dorward. And it is contended that, if such were the facts, the judgment upon which the plaintiff depends was absolutely void, and also that defendants were discharged from their obligation on said undertaking by said judgment and its payment. The case was tried without a jury, and among other facts the court found: "(3) That plaintiff did not, prior to July 10, 1889, nor on or about the eighth day of November, 1889, nor at any other time, recover any judgment in said action against said Dorward, or in any other action, as alleged in the complaint, or otherwise; nor was any such judgment in favor of the plaintiff, Moore, ever entered or docketed in the office. of the clerk of Los Angeles county at any time."

Upon the motion for a new trial it is contended that this finding was not sustained by the evidence. The sufficiency of the specification is complained of principally, as it seems to me, because more is stated than was necessary. The finding includes but one fact, and the specification is that the finding is not sustained by the evidence. It then proceeds unnecessarily to state what the evidence did show in relation to that issue. Though not required, this did not vitiate the specification. From the transcript it appears that plaintiff put in evidence a judgment in the case of Moore v. Dorward, dated November 8, 1889, and docketed November 12, 1889. In this judgment it is recited that the cause "came regularly on for trial on the eighth day of November, 1889, M. Whaling, attorney, appearing for plaintiff; and a supplemental complaint having been filed and served upon defendant's attorney, and no answer or demurrer having been filed, and the time allowed by law for answering or demurring having expired, a default

of the defendants for failing to answer or demur to plaintiff's supplemental complaint was duly entered. And plaintiff produced his proofs as to his amended complaint filed and answered, and it appearing therefrom that there is now due and unpaid plaintiff Alfred Moore from the defendant, W. W. Dorward, the sum of $831,63,'' etc., judgment was thereupon entered against said Dorward for that sum, with costs. It is recited in the transcript, "which judgment was duly entered and docketed November 12, 1889, the record of which plaintiff then introduced in evidence." No judgment-roll is found in the transcript. Plaintiff then proved execution issued on said judgment, which was returned unsatisfied, and then rested. Defendants then introduced a judgment-roll in the same action—the attachment suit—in which judgment it is recited that the "case came on regularly for trial on the 24th of May, 1889, Michael Whaling appearing for the plaintiff, and Reymert, Orfila & Reymert for defendant. . . . . Whereupon witnesses on the part of plaintiff were duly sworn and examined, and documentary evidence introduced, and it appearing from the testimony of plaintiff himself that no cause of action existed at the time of the commencement of this action, whereupon the defendant, Dorward, moved the court for a judgment of nonsuit, . . . . and after due deliberation thereof the court grants said motion, the plaintiff having failed upon said trial to prove a case for the court, and the court orders a judgment of nonsuit to be entered herein." Whereupon it was "ordered, adjudged and decreed that said plaintiff is hereby nonsuited, and that plaintiff take nothing by said action," and costs were awarded to Dorward, amounting to $27.50. Although it is recited that the judgment-roll was introduced in evidence, none is found in the statement. Defendants also introduced an execution on said judgment, and the return of the sheriff showing that it had been levied on the real property of Moore, June 12, 1889, and was paid in full by Moore, July 10, 1889. They also proved that Dorward left the state soon after May, and before August, 1889, and has never returned. Defendants then rested, and, in rebuttal, plaintiff proved that in the attachment suit he gave notice of a motion for a new trial, served on Reymert, Orfila & Reymert, as Dorward's attorneys, June 1, 1889, and which was filed on the same day; that a statement on a motion

for a new trial in the same case was served June 13th, and was settled and certified as correct on the 26th of June of the same year; and that, on the 19th of September, 1889, a stipulation was filed, entitled in said cause, signed by Reymert, Orfila & Reymert, as attorneys for Dorward, "that plaintiff may have granted his motion for a new trial." Plaintiff failed to prove that an order granting a new trial was made otherwise than by the second judgment, which he contends conclusively shows that the first judgment was vacated in some lawful mode. In the absence of any bill of exceptions, or other showing to impeach the action of the court, the fact that a second judgment is found in the judgment-roll, or upon the records of the court, presumes that it is rightly there, and in any proceeding in which such judgment is collaterally presented it must be assumed as a valid act of the court: Paige v. Roeding, 96 Cal. 388, 31 Pac. 264; Water Co. v. Swartz, 99 Cal. 278, 33 Pac. 878. It follows, therefore, that the third finding is not sustained by the evidence, and for this reason the court should have granted a new trial. The order is reversed.