[S. F. No. 1622.    Department One.—November 30, 1900.]

## In re CORRALITOS CO-OPERATIVE DRYING AND CANNING COMPANY, an Insolvent Debtor.

INSOLVENCY—PETITION BY ASSIGNEE TO SELL ESTATE—TITLE OF ASSIGNEE. By an adjudication in insolvency the property passes from the insolvent debtor, and comes under the control of the court; and a petition for the sale of the estate of the insolvent, which alleges that the petitioner is the duly appointed, qualified, and acting assignee of the estate of the insolvent, and as such assignee has taken possession of all the estate described in the petition, schedule, and inventory of the insolvent, is not objectionable for not alleging specifically that the property of the insolvent has been assigned to the petitioner.

ID.—DESCRIPTION OF PERSONAL PROPERTY IN PETITION—REFERENCE TO SCHEDULE AND INVENTORY.—A petition by the assignee for an order to sell the property of the insolvent need not describe the personal property in detail; but it is sufficient to refer to the schedule and inventory on file.

ID. —REQUIREMENT OF SALE—SHOWING OF NECESSITY.—The insolvent law is distinct from the probate law in requiring that all of the property of the insolvent shall be sold and converted into money; and, in case of a petition for an order to sell the property of the insolvent at public sale, as distinguished from a

private sale, no necessity need be shown to justify an order of sale thereof.

ID.—PUBLIC SALES—DIRECTIONS BY COURT—SALE EN MASSE—NOTICE.—The only requirement of the insolvent law in reference to public sales of the estate of the insolvent is that such sales shall be made "as ordered by the court"; and the court has power to direct that the property shall be sold together and not separately, and to direct in what paper and for what period notice of the sale shall be published.

ID.—JURISDICTION OF JUDGE PRESIDING IN ANOTHER COUNTY—PRESUMPTION.—A judge of the superior court of one county presiding in another county, upon proper request, has jurisdiction to make an order for the sale of the property of an insolvent debtor, in such other county; and in the absence of a showing to the contrary, it must be presumed that he was requested to preside, either by the judge of the superior court of such county or by the governor in accordance with section 8 of article VI of the constitution.

APPEAL from an order of the Superior Court of Santa Cruz County for the sale of the property of an insolvent debtor. George H. Bahrs, Judge presiding.

The facts are stated in the opinion of the court.

Charles B. Younger, for Appellant.

Albert Dickerman, for Respondent.

VAN DYKE, J.—F. A. Hihn Company, a corporation, and a creditor of said insolvent corporation, appeals from the order of sale of the property of said insolvent debtor.

The first objection on the part of the appellant is that the petition of the assignee for the sale is not sufficient; that it does not allege that the property of the insolvent has been assigned to the petitioner; that it does not show a necessity for the sale of the property; and that the description of the property is insufficient.

The petition states that the petitioner is the duly appointed, qualified, and acting assignee of the estate of the insolvent corporation; that as such assignee he has taken possession of all the estate described in the petition, schedule, and inventory of said insolvent; that in order to pay the debts of said insolvent it is necessary to sell all of its estate vested in the petitioner

as such assignee; that all of the personal property belonging to said estate, except a debt of five dollars due to said insolvent debtor from Peter C. Brown, is set out in full in the schedule and inventory attached to his petition on file in this court in said matter, and a full description of the real property of the insolvent asked to be sold is set out in the petition. It was not necessary to describe the personal property in detail. It was sufficient to refer to the schedule and inventory on file. By the adjudication in insolvency the property of the insolvent passed from the insolvent, and comes under the control of the court. (*Rued v. Cooper*, 109 Cal. 682.) With the petition and this schedule and inventory before it, the court had everything belonging to the estate before it. The insolvent law requires the assignee to convert the estate, real and personal, into money as speedily as possible, and "from time to time to sell at public auction all the estate, real and personal, vested in him as such assignee, and which shall come to his possession, and as ordered by the court." (Insolvent Law of March 26, 1895, secs. 25, 29; Stats. 1895, p. 131.) The provisions of law for the sale of property of an insolvent debtor are entirely different from those in reference to the sale of property belonging to the estate of a deceased person, or of a ward, and upon foreclosure or execution sales. In the case of an insolvent debtor, in the nature of things, and as required by the express provisions of the law, all property and effects must be sold and converted into money in order to pay the creditors of such insolvent, whereas, in the case of a probate estate or guardianship, only sufficient property to pay the debts and expenses can be sold. So, also, in reference to foreclosure and execution sales, only sufficient property should be sold to satisfy the judgment or decree; the authorities cited by appellant are mostly in reference to sales of this latter class, and have no application to the case of an insolvent estate. It is only where an application is made to sell at private sale that it is necessary to set forth in the petition the necessity for such sale. (Insolvent Law, sec. 29.) The petition in this case was sufficient.

Appellant also objects to the order of sale for the reason that the property was ordered to be sold together, and not separately, and that the order directed what paper the notice of sale should

be published in, and for ten days only. The only requirement of the insolvent law in reference to public sales is that such sales shall be made "as ordered by the court." The special directions referred to by appellant are in the case of private sales and the sale of perishable property. (See Insolvent Law, secs. 25, 29, 30.) There is nothing in the contention of the appellant that the judge purporting to make the order was without jurisdiction in the premises. It appears that the order of sale was made and signed by George H. Bahrs, one of the judges of the superior court of the city and county of San Francisco, at the time sitting in the place of Lucas F. Smith, judge of the superior court of Santa Cruz county, in which county the proceedings were pending. It is said by appellant that this court must take notice that there is but one judge of the superior court of Santa Cruz county, and that Judge Bahrs is not judge of said court. But this court must also take notice that "a judge of any superior court may hold a superior court in any county, at the request of the judge of the superior court thereof, and upon the request of the governor it shall be his duty so to do." (Const., art. VI, sec. 8.) Nothing appearing to the contrary, the court must also presume that this provision of the fundamental law was complied with, and that Judge Bahrs was legally holding court in Santa Cruz county at the time the order was made.

Order affirmed.

Garoutte, J., and Harrison, J., concurred.