[Civ. No. 11092. Second Appellate District, Division Two.—July 8, 1936.]

BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION et al., Petitioners, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

Freston & Files and Swaffield & Swaffield for Petitioners.

Mott, Vallee & Grant and Hewlings Mumper for Respondents.

THE COURT.—This is an application for a writ of mandate by the petitioners against the Superior Court of Los Angeles County upon the ground that the respondent in a certain action pending therein entitled *Glenn Winslow et al., Plaintiffs,* v. *Harold G. Ferguson Corporation et al., De-*

*fendants,* numbered 315558, denied a motion of the petitioner Bank of America to dismiss the entire action upon the ground that the said cause had not been brought to trial within five years after the date of the filing of the action as required by section 583 of the Code of Civil Procedure, and upon the ground also that judgment had not been entered against the defendants who had not answered said complaint as required by section 581a of the Code of Civil Procedure. An alternative writ was heretofore issued and the matter has been heard upon the demurrer of the respondent.

After full consideration we are satisfied that the facts stated in the petition are not sufficient to warrant the relief prayed for or any relief. It appears that the court dismissed the said action as to the Bank of America and that said petitioner is not a party beneficially interested and therefore is not entitled to a writ of mandate. (*La Mesa etc. Irr. Dist.* v. *Halley,* 195 Cal. 739 [235 Pac. 999]; *Graham* v. *Gillett,* 156 Cal. 113 [103 Pac. 195]; 16 Cal. Jur. 850, and Ten-Year Supplement, vol. 7, p. 705.)

The Metropolitan Trust Company is not entitled to a writ because it has as yet made no request upon the trial court for a dismissal. Before an appellate court will issue a writ of mandate compelling a superior court to act, a demand for action upon that court should have been made. (*Price* v. *Riverside Land & Irr. Co.,* 56 Cal. 431; 16 Cal. Jur. 771.)

For the reasons stated the demurrer is sustained, the petition is denied and the alternative writ quashed and vacated.

An application by petitioners to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on September 4, 1936.