[S. F. No. 17884.   In Bank.   May 9, 1950.]

WILLIAM PHELAN, Petitioner, v. THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO et al., Respondents.

Hallinan, MacInnis & Zamloch and Ralph Wertheimer for Petitioner.

Dion R. Holm, City Attorney, and Joseph F. Murphy, Deputy City Attorney, for Respondents.

GIBSON, C. J.—Petitioner recovered a judgment against George O'Brien in the sum of $2,000 pursuant to a jury's verdict in an action for personal injuries. On O'Brien's motion for a new trial the following order was made: "Motion for new trial denied. Judgment reduced to $1,250." No appeal was taken from either the judgment or the order, and, after the time for appeal had expired, petitioner instituted this proceeding for a writ of mandate to compel respondent court to strike from its records that portion of the order which

reduced the judgment, contending that the order, or the portion reducing the judgment, is void and beyond the jurisdiction of the court.

■ The first question to be determined is whether petitioner had another adequate remedy. Section 1086 of the Code of Civil Procedure provides that the writ of mandate "must be issued in all cases where there is not a plain, speedy, and adequate remedy, in the ordinary course of law."* Although the statute does not expressly forbid the issuance of the writ , if another adequate remedy exists, it has long been established as a general rule that the writ will not be issued if another such remedy was available to the petitioner. (*Irvine* v. *Gibson,* 19 Cal.2d 14 [118 P.2d 812]; *People* v. *Olds* (1853), 3 Cal. 167 [58 Am.Dec. 395].) The burden, of course, is on the petitioner to show that he did not have such a remedy.

■ An appeal is the usual course open to a litigant who believes that the trial court has committed error. The order reducing the judgment from $2,000 to $1,250 was a special order after final judgment, and as such it would ordinarily be appealable under subdivision 2 of section 963 of the Code of Civil Procedure which provides that an appeal may be taken "from any special order made after final judgment." (See *Balaam* v. *Perazzo,* 211 Cal. 375, 381 [295 P. 330].) It appears, however, that there are conflicting lines of cases, none of which has been overruled, upon the question whether an appeal will lie from a special order after final judgment where the court was without power to make the order.† Since petitioner claims that the order here is void, we must decide whether it was reviewable by appeal.

■ It has long been the general rule in this state that where the law allows an appeal from a judgment or order, it is appealable even though void. (*Shrimpton* v. *Superior Court,* 22 Cal.2d 562 [139 P.2d 889]; *Ivory* v. *Superior Court,* 12 Cal.2d 455, 459-461 [85 P.2d 894]; *Casner* v. *Daily News Co., Ltd.,* 12 Cal.2d 402 [84 P.2d 1032]; *Ewing* v. *Richvale Land Co.,* 176 Cal. 152 [167 P. 876]; *Hildebrand* v. *Superior Court,* 173 Cal. 86 [159 P. 147]; *Anglo-Californian Bank* v. *Superior Court,* 153 Cal. 753 [96 P. 803]; *White* v. *Superior*

---

*Section 1103 of the Code of Civil Procedure contains a similar provision with respect to the writ of prohibition.

†The cases dealing with this question have apparently used interchangeably the terms "void," "invalid," "in excess of jurisdiction," and "without authority," and it will not be necessary to distinguish them here.

*Court,* 110 Cal. 54, 57 [42 P. 471] ; *Stoddard* v. *Superior Court,* 108 Cal. 303 [41 P. 278]; *Dyerville Mfg. Co.* v. *Heller,* 102 Cal. 615 [36 P. 928] ; *In re Bullock,* 75 Cal. 419 [17 P. 540] ; *Livermore* v. *Campbell,* 52 Cal. 75.)

Prior to 1927 special orders made after final judgment were treated as being within the scope of this general rule. (*White* v. *Superior Court,* 110 Cal. 54 [42 P. 471] ; *Stoddard* v. *Superior Court,* 108 Cal. 303 [41 P. 278] (order held appealable either as an order after final judgment or as an injunction) ; *Livermore* v. *Campbell,* 52 Cal. 75; *Dyerville Mfg. Co.* v. *Heller,* 102 Cal. 615 [36 P. 928] [no discussion] ; *Estate of Dunsmuir,* 149 Cal. 67 [84 P. 657] [no discussion].) In these cases no attempt was made to distinguish one type of void order from another, and the White and Livermore cases flatly refused to consider whether the trial court had jurisdiction, denying certiorari upon the ground that in any event an appeal was available. In 1927, however, *Stanton* v. *Superior Court,* 202 Cal. 478 [261 P. 1001], without citing the prior decisions, departed from the general rule and commenced a new line of cases which deny the right to appeal from certain types of void special orders made after final judgment. There the trial court had granted motions to vacate judgments in favor of defendants in two actions, and subsequently it signed two new judgments likewise in favor of defendants but containing more limited provisions. This court granted a writ of certiorari annulling the new judgments and the orders vacating the original judgments. It held that the orders and subsequent judgments were void because (1) they were not within the inherent power of the trial court, (2) there was no basis for a proceeding under section 473 of the Code of Civil Procedure, and (3) the proceedings were not authorized by section 663 of that code.

In answer to the contention that certiorari would not lie because an appeal was available under sections 663a and 963 of the Code of Civil Procedure the court in the Stanton case said (202 Cal. at pp. 488-489) : "As above stated, these purported orders and subsequent purported judgments are hybrids in our procedure. Orders and judgments which fail to conform to any of the rules of procedure cannot be said to be appealable under section 663a. . . . We are also satisfied that neither of these orders or subsequent judgments can be said to be special orders made after final judgment within the meaning of section 963 of the Code of Civil Procedure, *because such*

*section contemplates orders given by a court having jurisdiction to act."* (Italics added.) The court incorrectly cited *Diamond* v. *Superior Court,* 189 Cal. 732, 739 [210 P. 36], as being similar, since the order involved in that case was held not appealable for the reason that an amendment to the code had terminated the right to appeal. The court also cited *Dolan* v. *Superior Court,* 47 Cal.App. 235 [190 P. 469], and *Prothero* v. *Superior Court,* 196 Cal. 439 [238 P. 357], but these cases did not consider the rule that certiorari will not lie if an appeal is available.

Since the Stanton decision in 1927 some cases have followed it, some have distinguished and limited it, others have seemingly ignored it, and a number have cited and followed the older line of cases. Cases which have either followed it or cited it with approval are: *Whitley* v. *Superior Court,* 18 Cal.2d 75, 82 [113 P.2d 449] ; *Treat* v. *Superior Court,* 7 Cal.2d 636 [62 P.2d 147] ; *Lankton* v. *Superior Court,* 5 Cal.2d 694, 696-697 [55 P.2d 1170] (prohibition case) ; *People* v. *Superior Court,* 4 Cal.2d 136 [47 P.2d 724] ; *Carlon* v. *Superior Court,* 2 Cal.2d 17, 22 [38 P.2d 149] (may be distinguishable on ground order not appealable because not a final judgment) ; *Felton Chemical Co.* v. *Superior Court,* 33 Cal.App.2d 622 [92 P.2d 684] (no discussion) ; *Quevedo* v. *Superior Court,* 131 Cal.App. 698 [21 P.2d 998] ; *Delmuto* v. *Superior Court,* 119 Cal.App. 590 [6 P.2d 1007].) The Whitley and Treat cases contain very broad language indicating that certiorari will lie to annul an order after final judgment whenever the order is made contrary to the authority conferred by a procedural statute or whenever the trial court lacked the power to act as it did. (See 18 Cal.2d at p. 82; 7 Cal.2d at p. 638.)

The Stanton case was distinguished in *Shrimpton* v. *Superior Court,* 22 Cal.2d 562, 566-567 [139 P.2d 889], which held that an order "rendered in pursuance of section 473" was appealable, and not reviewable by certiorari, whether or not it was invalid, and the court in effect limited the Stanton rule to orders which were "not in pursuance of any of the prescribed methods of procedure as defined by the Code of Civil Procedure." (See, also, *Ivory* v. *Superior Court,* 12 Cal.2d 455 [85 P.2d 894].) The Stanton, Whitley, Treat, and Lankton cases were distinguished without approval or disapproval.

A number of cases, without citing the Stanton decision, have cited and followed the older cases and have applied the general rule that an appeal will lie from a void order or judgment. Some of these are directly contrary to the Stanton rule, and

some may be contrary depending upon whether, after careful analysis, it can be said that they fall within the distinction set forth in the Shrimpton case. It is unnecessary at this time to do more than list them as examples of the confusion caused by the existence of the two lines of cases. (See *Casner* v. *Superior Court,* 23 Cal.App.2d 730 [74 P.2d 298] [followed, as being law of the case, but with additional citation of the older cases, in *Casner* v. *Daily News Co., Ltd.,* 12 Cal.2d 402 [84 P.2d 1032]]; *Colby* v. *Pierce,* 15 Cal.App.2d 723 [59 P.2d 1046]; *Drapeau* v. *Superior Court,* 5 Cal.App.2d 32 [42 P.2d 728]; *Coley* v. *Superior Court,* 89 Cal.App. 330 [264 P. 1110]; see, also, *Erickson* v. *Municipal Court,* 219 Cal. 737, 740 [29 P.2d 192]; *Christie* v. *Superior Court,* 218 Cal. 423, 424 [23 P.2d 757].)

The Stanton case clearly constituted a departure from the general rule that an appeal may be taken from a void order or judgment, and the criticism which the decision has received seems justified. Both final judgments and special orders after final judgment are made appealable by similar language in section 963 of the Code of Civil Procedure, and no condition that the trial court must have jurisdiction to act is set forth with respect to the appealability of either type of decision. As we have seen, it is undisputed that final judgments are appealable, even though void, and there is no more reason for applying the Stanton rule to void special orders after final judgment than to void final judgments. (See 31 Cal.L.Rev. 576.)

The practical consequences of the Stanton rule are even more unfortunate than the defects in its legal theory. It has led to considerable confusion, and while it has been followed in some cases, others have distinguished it or ignored it. The limitation adopted in *Shrimpton* v. *Superior Court,* 22 Cal.2d 562 [139 P.2d 889], is very difficult to apply and in reality adds to the confusion. Under these cases, a litigant would not be safe, in seeking review of a special order after final judgment, unless he both appealed and applied for certiorari or other extraordinary writ, because if it appears that the order is merely erroneous, an application for certiorari will be dismissed (*Howard* v. *Superior Court,* 25 Cal.2d 784 [154 P.2d 849]), but if the error turns out to be of the type that renders the order void because not provided for by "any of the prescribed methods of procedure," an appeal will be dismissed. (See *Shrimpton* v. *Superior Court,* 22 Cal.2d 562, 564-567

[139 P.2d 889], and cases there cited.) At best the rule is a trap for unwary counsel and places a needless burden upon the appellate courts.

We hold that a special order after final judgment is appealable regardless of whether it is void and regardless of whether it is provided for by any of the prescribed methods of procedure. *Stanton* v. *Superior Court*, 202 Cal. 478 [261 P. 1001], and the cases following it are overruled.

We must next determine whether the right of appeal furnished petitioner with a plain, speedy and adequate remedy.

Where an order is not appealable, but is reviewable only upon appeal from a subsequent judgment, various factors, such as expense of proceeding with a trial and prejudice resulting from delay, may operate to make that remedy inadequate. Where, however, as here, there is a right to an immediate review by appeal, that remedy is almost as speedy as a writ proceeding, under present practice, and should be considered adequate unless petitioner can show some special reason why it is rendered inadequate by the particular circumstances of his case.* (See *Lincoln* v. *Superior Court*, 22 Cal.2d 304, 311 [139 P.2d 13].)

Although petitioner alleges that he had "no other plain, speedy, or adequate remedy" and that unless a writ of mandate is issued he "will suffer great and irreparable harm and injury," it is obvious that such general allegations, without reference to any facts, are not sufficient to sustain his burden of showing that the remedy of appeal would be inadequate. (*Lincoln* v. *Superior Court*, 22 Cal.2d 304, 311 [139 P.2d 13].) The precise question which petitioner is raising here, i.e., the validity of the reduction in the amount of recovery, could have been raised on an appeal from the portion of the order modifying the judgment. Petitioner is not in a position to claim that the remedy of immediate review by appeal is less expeditious than that of mandate because he made no attempt to pursue that remedy, but, instead, waited until after the time in which he could take an appeal had expired and then applied for this writ. Nor will the fact that petitioner has lost his remedy by appeal justify resort to mandate in the absence of a sufficient excuse

---

*There may be some difference in time under present practice between the calendaring of writs and appeals since it may take longer for records and briefs to reach this court on appeal than in a writ proceeding, but this difference in time should not exceed 90 days in any case.

for his failure to take an appeal. (*Andrews* v. *Police Court*, 21 Cal.2d 479 [133 P.2d 398, 145 A.L.R. 1042].)

Petitioner relies, however, on our holding in *Kahn* v. *Smith*, 23 Cal.2d 12, 14 [142 P.2d 13], that "an appeal is not regarded as adequate in this type of case." There we followed the decisions in *Payne* v. *Hunt*, 214 Cal. 605 [7 P.2d 302], and *Kraft* v. *Lampton*, 13 Cal.App.2d 596 [57 P.2d 171], but it appears that the Payne and Kraft cases did not discuss the question of adequacy and did not give sufficient consideration to the problems involved. The result reached in these cases and followed in *Kahn* v. *Smith* is inconsistent with the principles above stated relating to the adequacy of an immediate review by appeal, and all three cases are overruled insofar as they are in conflict with the views expressed herein.

Some decisions, in holding that an immediate review by appeal is not an adequate remedy where petitioner seeks to enforce a final judgment, appear to have been based partly upon the ground that the remedy by appeal would not be as effective as a writ because a reversal on appeal would merely entitle petitioner to renew his motion before the same trial court that had heard it before, without a direct order compelling that court to grant the requested relief. (See *Sullivan* v. *Superior Court*, 185 Cal. 133, 140 [195 P. 1061] [mandate to compel issuance of writ of assistance]; *Holtum* v. *Grief*, 144 Cal. 521, 527 [78 P. 11] [mandate to compel issuance of execution]; *McCulloch* v. *Superior Court*, 91 Cal.App.2d 641, 645-647 [205 P.2d 689] [mandate to strike an order granting a new trial]; *La Mar* v. *Superior Court*, 87 Cal.App.2d 126, 132 [196 P.2d 98] [mandate to correct judgment so that writ of execution might issue]; see, also, *Boust* v. *Superior Court*, 162 Cal. 343 [122 P. 956]; *Garoutte* v. *Haley*, 104 Cal. 497 [38 P. 194].) Insofar as this reasoning proceeds on the theory that the trial court may refuse to abide by the law as set forth in a general reversal on appeal, it is clearly erroneous because it assumes that the lower court will not follow the implied directions of the appellate court, whereas all presumptions are to the contrary.

In view of the uncertainty which has existed in the law with respect to the appealability of the order in question and also in view of the holdings of this court that an appeal is not adequate in a case of this type, petitioner should not be denied the use of the writ because of his failure to appeal. It would obviously be a hardship upon a litigant who has

been misled by such uncertainty in the law if we were to resolve the uncertainty and in the same proceeding deny his petition for a writ on the ground that he in fact did have an adequate remedy by appeal.

There is, however, another procedural requirement for the use of the writ of mandate which should be considered. Before seeking mandate in an appellate court to compel action by a trial court, a party should first request the lower court to act. If such request has not been made the writ ordinarily will not issue unless it appears that the demand would have been futile. (*People* v. *Romero,* 18 Cal. 89, 91-92; *Bank of America etc. Assn.* v. *Superior Court,* 15 Cal.App.2d 279, 280 [59 P.2d 461] ; *Friedland* v. *Superior Court,* 67 Cal.App. 2d 619, 628 [155 P.2d 90] ; see 16 Cal.Jur. 771-773; *cf., Christ* v. *Superior Court,* 211 Cal. 593, 596 [296 P. 612] ; *Moore* v. *Superior Court,* 20 Cal.App. 299, 304 [128 P. 946].) In the present case petitioner could have made a motion under section 473 of the Code of Civil Procedure to vacate the portion of the order claimed to be invalid. Instead of making such motion petitioner waited until after the time for appeal had passed and then filed this application for writ of mandate, without ever having presented the matter to the trial court. There is no showing that the question was raised in any manner before the trial court or that it would have been futile to do so.

Petitioner rests his entire case on the claim that the portion of the order reducing the amount of the judgment is void on its face, and he apparently assumes that where this appears it is unnecessary to apply to the trial court for relief before seeking mandate. There may be some basis for making a distinction where an order is void on its face, but orderly procedure would seem to require that a demand be made in the trial court in all cases unless petitioner can show that a demand would have been futile. In any event we need not decide this question because we are of the opinion that petitioner's contention that the order is void on its face cannot be sustained on the record before us.

In passing upon the contention that the order is void on its face, we must keep in mind that where mandate is sought on this ground the attack is collateral or at least is governed by the rules relating to collateral attack. See *Grivi* v. *Superior Court,* 3 Cal.2d 463, 467 [45 P.2d 181] ; *Gray* v. *Hall,* 203 Cal. 306, 313 [265 P. 246] ; *Howe* v. *Southrey,* 144 Cal. 767, 769 [78 P. 259].) Also, in determining whether the order is void on its face we are limited to a consideration of

matters which appear in the judgment roll or are admitted by the parties. (See *Estate of Keet,* 15 Cal.2d 328, 333 [100 P.2d 1045]; *Akley* v. *Bassett,* 189 Cal. 625, 639 [209 P. 576]; *Stevens* v. *Kelley,* 57 Cal.App.2d 318, 324 [134 P.2d 56].)

No judgment roll has been presented to us in this proceeding, and the only facts admitted by the pleadings are that judgment for $2,000 was entered pursuant to a jury's verdict in an action for personal injuries, that the defendant made a motion for a new trial, and that the court then made an order which reads as follows: "Motion for new trial denied. Judgment reduced to $1,250." The question, therefore, is whether on these facts the order, standing alone, is void on its face.

It is well settled, of course, that such an order modifying a prior judgment is proper if made with the consent of the parties. (*Draper* v. *Hellman Com. T. & S. Bank,* 203 Cal. 26, 41 [263 P. 240]; *Bentley* v. *Hurlburt,* 153 Cal. 796, 803-804 [96 P. 890]; *Chapin* v. *Bourne,* 8 Cal. 294, 296; *Benedict* v. *Cozzens,* 4 Cal. 381, 383; *Hepner* v. *Libby, McNeill & Libby,* 114 Cal.App. 747, 754 [300 P. 830]; *Hughes* v. *Hearst Publications, Inc.,* 79 Cal.App.2d 703, 704 [180 P.2d 419].) There is no statute, rule, or decision which requires that the consent be set forth in the order or elsewhere in the judgment roll. Section 670 of the Code of Civil Procedure, which specifies the contents of the judgment roll, does not mention consents, and no case has been found which has required such a recital or which has held that the lack of a recital renders the order void on its face. Although the usual practice in exercising the power to reduce the amount of a judgment is for the court to make a conditional order which provides either that a new trial will be denied if part of the judgment is remitted or that a new trial will be granted unless there is a consent to such reduction, it is not necessary that the order be so conditioned if consent to the reduction has already been given. (*Bentley* v. *Hurlburt, supra.*) In the Bentley case the court said (153 Cal. at pp. 803-804), "The fact that the plaintiff's consent to remit preceded the making of any order on the motion for new trial made it unnecessary for the court to make an order conditional in form, giving the plaintiff a certain time within which to file his consent to the reduction."

There is nothing in the record before us which establishes that no consent was given. Petitioner does not even allege that he did not consent to the reduction. On collateral attack every presumption is in favor of the validity of the judgment or order of a court of general jurisdiction, and any

condition of facts consistent with its validity and not affirmatively contradicted by the judgment roll will be presumed to have existed. (*Wells Fargo & Co.* v. *City etc. of San Francisco*, 25 Cal.2d 37, 40 [152 P.2d 625] ; *Borenstein* v. *Borenstein*, 20 Cal.2d 379, 381 [125 P.2d 465].) For example, where the record is silent, it will be presumed that process and pleadings were properly served and that due proof of such service was presented to the court. (*Mahoney* v. *Middleton*, 41 Cal. 41, 51; *Canadian etc. Co.* v. *Clarita etc. Co.*, 140 Cal. 672, 675 [74 P. 301].) Similarly, notice, or facts rendering it unnecessary, are presumed unless the record shows the contrary, and when the court may shorten time or dispense with notice, it will be presumed that the court did so if the order is silent upon the point. (*Guardianship of Hall*, 31 Cal.2d 157, 164 [187 P.2d 396] ; see 15 Cal.Jur. 68.)

Under this general rule it will be presumed, when necessary, that the parties consented to the court's action or waived objection thereto. For example, although there is no rendition of judgment when findings are required unless findings have been made or waived (*Trubowitch* v. *Riverbank Canning Co.*, 30 Cal.2d 335, 347 [182 P.2d 182] ; *Aspegren & Co., Inc.* v. *Sherman, Swan & Co.*, 199 Cal. 532, 534-535 [250 P. 400]), it has been held on a judgment roll appeal, where the court was limited to matters appearing on the face of the judgment roll, that a waiver of findings would be presumed unless the record affirmatively showed the contrary. (*Carpenter* v. *Pacific Mut. Life Ins. Co.*, 10 Cal.2d 307, 326 [74 P.2d 761] ; *Leadbetter* v. *Lake*, 118 Cal. 515 [50 P. 686]; *Mulcahy* v. *Glazier*, 51 Cal. 626 ; *Campbell* v. *Coburn*, 77 Cal. 36, 37 [18 P. 860] ; see *Cushing-Wetmore Co.* v. *Gray*, 152 Cal. 118, 120 [92 P. 70, 125 Am.St.Rep. 47] ; *Wilcox* v. *Sway*, 69 Cal.App.2d 560, 564 [160 P.2d 154].) Likewise, while there is a constitutional right to trial by jury, it has been held on appeal that a waiver of a jury trial will be presumed where the contrary does not appear from the record. (*Leadbetter* v. *Lake*, 118 Cal. 515, 516 [50 P. 686].) Also, where a case was heard by a pro tem. judge or a judge from another county, it was presumed on appeal, when the contrary did not appear from the record, that the judge was regularly assigned or selected and that the parties consented that he so act. (*Estate of Kent*, 6 Cal.2d 154, 163-164 [57 P.2d 901] ; *In re Corralitos etc. Co.*, 130 Cal. 570, 573 [62 P. 1076] ; *People* v. *Mellon*, 40 Cal. 648, 655 ; see *Spahn* v. *Spahn*, 70 Cal.App.2d 791, 798-801 [162 P.2d 53].) In *Estate of Kent, supra*, 6 Cal.2d at p. 163,

the court stated: "Stipulations made in open court when required for the regularity of an order are presumed, in the absence of a contrary showing affirmatively presented on the record."

Closely analogous to the problem presented here are cases where the propriety of a judgment depends on the validity of an order vacating a prior judgment. In this situation the courts have applied the collateral attack rule and have held that it will be presumed that there was sufficient proof of facts and circumstances which justified the trial court in setting aside the first judgment, and, further, if the record does not contain an order vacating the first judgment, that the making of such an order will be presumed. (*Maloney* v. *Massachusetts Bonding & Ins. Co.*, 20 Cal.2d 1, 5 [123 P.2d 449]; *Freeman* v. *Spencer*, 128 Cal. 394, 398 [60 P. 979]; *Butler* v. *Soule*, 124 Cal. 69, 72-73 [56 P. 601]; *Von Schmidt* v. *Von Schmidt*, 104 Cal. 547, 550 [38 P. 361]; *Moore* v. *Mott*, 4 Cal.Unrep. 269, 272 [34 P. 345]; see *Halpern* v. *Superior Court*, 190 Cal. 384, 387 [212 P. 916].) Some of the cases dealing with this question have specifically held that consent to vacation of a prior judgment is one of the facts that will be presumed in support of the validity of the latest judgment. (*Rooney* v. *Gray Bros.*, 145 Cal. 753, 758 [79 P. 523]; *Galvin* v. *Palmer*, 134 Cal. 426, 428-429 [66 P. 572]; *Colton L. & W. Co.* v. *Swartz*, 99 Cal. 278, 282-283 [33 P. 878]; *Paige* v. *Roeding*, 96 Cal. 388, 391 [31 P. 264]; see *Hawley* v. *Gray Bros., etc. Co.*, 127 Cal. 560, 562 [60 P. 437].)

Under these principles, it must be held that the order is not void on its face because there is nothing in the judgment roll or admitted by the parties which establishes its invalidity.

The alternative writ is discharged, and the peremptory writ is denied.

Shenk, J., Edmonds, J., Traynor, J., Schauer, J., and Spence, J., concurred.

CARTER, J.—I dissent.

It is apparent to me that the order was void on its face. There is no question that it was made in response to a motion for a new trial. The motion therefor was made and the order reads: "Motion for new trial denied. Judgment reduced to $1,250." In order to be valid, it must be either a conditional order, that is, unless consent is given to the reduction, the

new trial is granted, or it must show that consent was given prior to the order of reduction.

That it is necessary that the order, if it qualifies as a conditional one, must specify the condition is apparent from all of the cases which deal with the power of the court to make such orders. (See 20 Cal.Jur. 207 et seq.) This necessarily follows from the rule that such a conditional order operates *automatically* as an absolute grant or denial of the new trial. As said in *Chapman* v. *Municipal Court,* 91 Cal.App.2d 689, 691 [205 P.2d 712] : ''The order of August 2d is a conditional or alternative order, which amounted to a granting of a new trial in the event the defendants (petitioners here) should not consent by August 5th to a judgment against them in the sum of $250; and upon failure of the defendants to so consent, the order became final. August 5th was within the 60-day period. It is well settled in California, as well as in other jurisdictions, that when, in ruling upon a motion for a new trial, the court grants or refuses a new trial upon a condition, *the compliance or noncompliance with the condition within the time fixed by the order operates as an absolute grant or denial of the new trial, and the status and rights of the parties become finally fixed and determined as of that time.* (*Brown* v. *Cline,* 109 Cal. 156 [41 P. 862] ; *Holtum* v. *Grief,* 144 Cal. 521 [78 P. 11] ; *Taber* v. *Bailey,* 22 Cal.App. 617 [135 P. 975] ; *Gloria* v. *A Colonia Portuguesa,* 128 Cal.App. 640, 642 [18 P.2d 87] ; *Jennings* v. *Superior Court,* 134 Cal.App. 300, 305 [25 P.2d 246] ; *Sherman* v. *Mitchell,* 46 Cal. 576, 578; *Garoutte* v. *Haley,* 104 Cal. 497 [38 P. 194].)'' Obviously, there could not be an automatic denial or granting of the motion unless the *order expressed the condition or result.* It has been squarely recognized that the condition is an *indispensable* part of a conditional order. If it is indispensable, its absence renders the order void on its face. In *Holtum* v. *Grief,* 144 Cal. 521, 524 [78 P. 11], the issue involved was whether a second order eliminating the conditional order was valid. In holding that it was, the court gave as the reason: ''The power of the court to make an order for a new trial *conditional* upon payment of costs by the moving party is unquestioned, and a failure to perform the condition converts the order into a denial of the motion. (*Garoutte* v. *Haley,* 104 Cal. 497 [38 P. 194] ; *Brown* v. *Cline,* 109 Cal. 156 [41 P. 862].) The *condition is therefore an essential* part of the order, and the right to revoke it ceases when the power of the court over the order ceases. When the power of the court to set aside the

order as to the award of a new trial is at an end, its power to eliminate one of the *substantial* terms of the order must, for the same reason, be held to have ended.'' [Emphasis added.] It is clear, therefore, that the order here cannot qualify as a conditional order.

On the other hand, when we have an order that is not conditional, that is, nothing more than a bald reduction of the judgment, it is conceded that such requires the consent of the parties; otherwise it is void. In *Bentley* v. *Hurlburt,* 153 Cal. 796, 803 [96 P. 890], the order denying a new trial and reducing the judgment stated that there was consent and on appeal the court stresses that point. It said: ''In the order denying appellant's motion for a new trial it is recited that the judgment is excessive in the sum of $460.95, and that Bentley *has filed a written waiver of said amount.* The denial of the motion follows these recitals. This, it is claimed, did not obviate the error in the original judgment. It has, however, long been settled in this state that on a motion for a new trial the court may, if the judgment be excessive, make a conditional order denying the motion if the prevailing party will consent to remit the excess and granting it in the absence of such consent. (*Benedict* v. *Cozzens,* 4 Cal. 381; *Chapin* v. *Bourne,* 8 Cal. 294; *Gillespie* v. *Jones,* 47 Cal. 259; *Clanton* v. *Coward,* 67 Cal. 373 [7 P. 787] ; *Thomas* v. *Gates,* 126 Cal. 1 [58 P. 315].) If, upon such conditional order being made, *the consent to the reduction be filed,* the usual practice has been to enter an absolute order denying the motion. That is, in effect, what happened in the present case. The fact that the plaintiff's *consent* to remit *preceded* the making of any order on the motion for new trial made it *unnecessary for the court to make an order conditional in form,* giving the plaintiff a certain time within which to file his consent to the reduction. The *consent having already been filed,* the court could properly act *upon such consent* and deny the motion at once.'' [Emphasis added.] Manifestly in making the instant order the court was not acting upon any consent, express or implied. The policy of the law, that where the validity of any order depends upon consent thereto having been given such consent must appear, is clearly expressed in the analogous situation of a judgment by confession: ''. . . the statement [authorizing entry of judgment] must be filed with the clerk of the court in which the judgment is to be entered, who must indorse upon it, and enter a judgment of such court for the amount confessed,

with ten dollars costs. The statement and affidavit, with the judgment indorsed, thereupon becomes the judgment roll.'' (Code Civ. Proc., § 1134.)

The order and proceedings leading up to it show on their face that the order was void and hence there is no room for the presumption adverted to in the majority opinion. It was alleged in the petition and admitted by the answer that the motion for a new trial was made, it was submitted and thereafter the court made the order. This chain of events excludes any consent to reduction. The order is similar to the one in *Johnson* v. *Southern Pac. Co.*, 150 Cal. 535 [89 P. 348, 11 Ann.Cas. 841], where it was recited that a guardian was appointed on the application of the proposed guardian. It was held that such a recitation showed that the ward had not applied for appointment as required by statute, and hence the order was void on its face.

Finally, there was never any question between the parties concerning whether consent was given to the reduction of the judgment. Respondent makes no such contention and by its silence it may be deemed to have been conceded. In any event, petitioner should be given the opportunity to amend his petition to allege lack of consent. Whether or not it was given should not be a debatable matter. From all that appears, it is doubtful that respondent would deny that it was not given. To brush aside a factual matter readily determinable by such means is not consonant with enlightened justice.

I would therefore grant the peremptory writ of mandate prayed for by petitioner.