[Civ. No. 20024.   Second Dist., Div. One.   Feb. 23, 1954.]

SELEA RICH, Appellant, v. WALTER M. CRIEGER, Respondent.

Barry Sullivan for Appellant.

William Hicks for Respondent.

DRAPEAU, J.—In this action to quiet title it was stipulated that plaintiff, Selea Rich, was the owner of three parcels of real property, title to which was in defendant, Walter M. Crieger. Defendant collected the rents and took care of the property for plaintiff from December of 1948, when she deeded it to him, until this suit was filed October 2, 1951.

It was further stipulated that in the accounting between the parties, which was the only issue left for trial, any sums found due from plaintiff to defendant would be a lien upon the real estate in the judgment quieting title.

The trial court found that there was a balance due from plaintiff, Mrs. Rich, to defendant of $2,180.25, and judgment followed.

On motion for a new trial the court ordered the balance cut down to $1,530.25. This defendant agreed to, and the judgment was reduced accordingly.

Plaintiff appeals from the order denying her motion for a new trial and from the judgment. She contends that the evidence is insufficient to support the findings, and that the judgment for a lien is contrary to law. She argues that defendant's claim in the accounting should have been pleaded by way of counterclaim.

Defendant was the only one who kept any record of the transactions. This record shows the balance due to him, and is supported by his testimony.　　And plaintiff is bound by the stipulation that the balance found due would be a lien against the real property.

Plaintiff complains of a recital in the findings that part of defendant's compensation for his services was computed at 5 per cent of the rent money he collected. She contends that this may not be done because defendant was not a real estate broker.

It is not necessary to a decision in this case to determine this contention, for several reasons.

It is the duty of this court to construe the findings liberally in support of the judgment; to give the judgment effect rather than to destroy it; to read all of the findings together and to reconcile the recitals to prevent any conflict on material points; and if there is one clear, consistent, and sufficient finding upon which the judgment may rest, to presume that the trial court rested its judgment on that finding. (4 Cal.Jur.2d, p. 444.)

Tried by these rules, that part of the findings is unnecessary. The trial court could have computed defendant's compensation

on a time basis and allowed him a great deal more for his services. As stated, he not only rented the property and collected the rentals, but he also spent time and money keeping it in repair. Moreover, counsel for plaintiff prepared the findings, including the recital now questioned.

In a civil nonjury action an order denying a motion for a new trial is not appealable. (*In re Fama's Estate,* 112 Cal.App.2d 309 [245 P.2d 1101].) But when an order denying a new trial reduces the amount of the judgment it is a special order made after final judgment, and is appealable. (*Phelan v. Superior Court,* 35 Cal.2d 363 [217 P.2d 951].)

The judgment and the order denying a new trial are each affirmed.

White, P. J., and Doran, J., concurred.